OPINION
{¶ 1} Appellant Thomas Perez ("Appellant") appeals the decision of the Stark County Probate Court that overruled his motion to vacate, pursuant to Civ.R. 60(B), without conducting a hearing. The following facts give rise to this appeal.
 {¶ 2} On April 29, 1999, the decedent, Thomas Perez, died testate survived by two adult children, appellant and Cynthia Moldovan ("Moldovan"). In his last will and testament, the decedent left his estate to his brother, Appellee Joseph Perez ("Appellee"). On March 30, 2004, the probate court appointed appellee executor of the estate, whose sole asset was a wrongful death claim for asbestosis.
 {¶ 3} On September 13, 2004, appellee filed, with the probate court, the first application to approve settlement and distribution of wrongful death and survival claims pursuant to Sup.R. 70(A). The wrongful death beneficiaries listed on the application were Cynthia Moldovan, appellant and appellee. After searching www.starkcjis.org and www.peopledata.com, counsel for appellee mailed notice of the hearing on said application, by certified mail, to Moldovan and appellant, to the addresses set forth on the application. These addresses were obtained through the search of the two internet sites referenced above. The certified mail was returned unclaimed.
 {¶ 4} On October 18, 2004, the probate court continued the hearing, on the first application, until December 9, 2004, due to the inability to notify appellant and Moldovan about the hearing. The magistrate ordered the notice of the continued hearing be published, for both appellant and Moldovan, in The Canton Repository. Following publication, the probate court conducted a hearing on December 9, 2004. Neither of decedent's children attended the hearing. The magistrate heard testimony and issued her decision. The magistrate approved and divided the proceeds equally, between the wrongful death claim, for which appellee was found to be the sole beneficiary, and the survival claim, for which the Estate of Thomas Perez was found to be the sole beneficiary. The probate court approved the magistrate's decision.
 {¶ 5} At the time of preparing the second application to approve settlement and distribution for wrongful death and survival claims, counsel for appellee ascertained that appellant was married to Judy Perez and there was a listing for such a person in the 2004 telephone directory. After calling the telephone number, counsel for appellee ascertained that appellant resided at the address. Thereafter, on January 3, 2005, appellee filed the second application to approve settlement and distribution from wrongful death and survival claims in the amount of $68,960.00. Appellee also filed an application for order prohibiting children of decedent from sharing in any distribution from the wrongful death of Thomas Perez.
 {¶ 6} Notice of the hearing, on both motions, was sent to appellant at 145 James Street, Waynesburg, Ohio 44688. Judy Perez signed the certified mail receipt. The certified mail notice, to Moldovan, was returned unclaimed. Thereafter, the probate court ordered that Moldovan be provided with notice of the hearing, on both motions, by publication in The Canton Repository. Upon completion of publication in the newspaper, this matter proceeded to a hearing on March 2, 2005. Present at this hearing were appellant, appellee and another witness to offer testimony on behalf of appellee. During this hearing, appellant did not object to any insufficiency of notice nor did appellant object to proceeding with the hearing. Both appellant and appellee provided testimony.
 {¶ 7} Upon completion of the hearing, the probate court denied the application to prohibit the adult children of the decedent from sharing in any distribution from the wrongful death of Thomas Perez but approved the second application to approve settlement and distribution of wrongful death and survival claims in the amount of $68,960.00. The probate court awarded the net proceeds of $22,412.00, for the wrongful death claim, solely to Joseph Perez. The probate court also awarded $22,412.00, for the survival claim, with the estate being the beneficiary of that amount.
 {¶ 8} On March 23, 2005, appellee filed his third application to approve settlement and distribution of wrongful death and survival claims in the amount of $30,504.50. Appellee also filed an application for order prohibiting children of decedent from sharing in the first $500,000.00 of distributions resulting from the wrongful death of Thomas Perez. The probate court scheduled a hearing date, on the motions, for May 25, 2005. The applications and notice of the hearing date were mailed by certified mail to Moldovan, at her last known address, and appellant at the Waynesburg address. Both mailings were returned unclaimed. Thereafter, the probate court ordered notice of the hearing, on the applications, to be made by publication for both Moldovan and appellant, in The Canton Repository.
 {¶ 9} This matter proceeded to a hearing on May 25, 2005. At this hearing, appellant appeared, represented by counsel, and moved to continue the hearing and requested leave to file a motion to vacate the judgment entries which had approved the previous two applications. The probate court continued the hearing and granted appellant leave to file his motion to vacate. Appellant filed his motion later that same day.
 {¶ 10} The probate court scheduled a hearing on appellant's motion to vacate for June 9, 2005. Subsequently, the probate court set a mediation conference between the parties for July 6, 2005. The mediation was to take the place of the previously scheduled motion to vacate. The mediation conference occurred on the scheduled date and the parties agreed to continue attempts at mediation in September 2005. On July 21, 2005, the probate court issued a judgment entry denying appellant's motion to vacate.
 {¶ 11} Appellant timely appealed the probate court's judgment entry and sets forth the following assignment of error for our consideration:
 {¶ 12} "I. BECAUSE APPELLANT'S MOTION TO VACATE SET FORTH OPERATIVE FACTS SUFFICIENT TO SUPPORT RELIEF FROM JUDGMENT — THAT HE WAS NEVER SERVED — THE TRIAL COURT ERRED IN OVERRULING IT WITHOUT HOLDING A HEARING."
 I {¶ 13} In his sole assignment of error, appellant maintains the trial court erred when it denied his motion to vacate pursuant to Civ.R. 60(B) without holding a hearing on said motion. We agree.
 {¶ 14} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Ohio Supreme Court held as follows:
 {¶ 15} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 16} As set forth in appellant's assignment of error, the probate court did not conduct a hearing on appellant's motion to vacate. "The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in Cogswell v. CardioClinic of Stark Cty, Inc. (Oct. 21, 1991), Stark App. No. CA-8553. In Cogswell, this Court held under Civ.R. 60(B), a hearing is not required unless issues supported by evidentiary quality affidavits exist. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment." Bristow v. O'Dell, Stark App. No. 2006CA00022, 2006-Ohio-2425, at ¶ 11.
 {¶ 17} Subsequently, in Kay v. Marc Glassman, Inc.,76 Ohio St.3d 18, 1996-Ohio-430, the Ohio Supreme Court addressed the issue of when a hearing is required under Civ.R. 60(B). The Court stated as follows:
 {¶ 18} This issue was discussed in Coulson v. Coulson
(1983), 5 Ohio St.3d 12, 16, * * *. In Coulson, this court adopted the following rule set forth in Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 105, * * *: `If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.' * * *
 {¶ 19} "The converse it equally true. Thus, the trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment. Adomeitv. Baltimore, supra, at 103, 105, * * *. This holding is in accord with the underlying policies governing Civ.R. 60(B) and, in particular, the fact that Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served.Colley v. Bazell (1980), 64 Ohio St.2d 243, 249, * * *." Id. at 19-20.
 {¶ 20} In the case sub judice, appellant attached to his motion for relief from judgment, among other documents, an affidavit of appellant in which he opines, in pertinent part, as follows:
 {¶ 21} "2. I have continuously resided at 145 James Street, Lot 4, Waynesburg, Ohio since July 4, 2001.
 {¶ 22} "3. I resided at 506 Lawn Avenue NW, Canton, Ohio prior to moving to my present address in Waynesburg. At no time did I reside on Lawn Avenue in Massillon, Ohio.
 {¶ 23} "4. I have been married to Judy Perez since October of 1993 and my uncle Joseph Perez has known the identity of my wife since at least 1994.
 {¶ 24} "5. My address and phone number at 145 James Street, Waynesburg have been consistently listed in the local telephone book under my wife, Judy's name since at least 2003, as is evidenced by copies of the 2003 and 2004 pertinent phone book pages, attached hereto." Exhibit C, Affidavit of Thomas Perez, May 25, 2005, at 1.
 {¶ 25} Exhibit D consists of the telephone pages indicating appellant's residence as 145 James Street in Waynesburg.
 {¶ 26} Appellee responds by first arguing that appellant never requested a hearing and therefore, he is not entitled to such. Neither Civ.R. 60(B) nor the case law pertaining to this rule indicates that a party must specifically request a hearing. Rather, the case law indicates that, "[w]here the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for evidentiary hearing."Cogswell, supra, at 1.
 {¶ 27} Appellee also maintains there is a difference between the notice that is to be provided to a statutory beneficiary under Sup.R. 70(B) and service of process on a defendant pursuant to Civ.R. 4. Although appellee's argument may be correct, it goes to the merits of appellant's motion for relief from judgment and is an issue that is properly decided by the probate court. Our review of this matter on appeal is limited to the issue of whether the probate court should have conducted a hearing on appellant's motion.
 {¶ 28} Based upon our review of the evidentiary material submitted in support of appellant's motion for relief from judgment, we find it contains sufficient allegations of operative facts which would support a meritorious defense to the judgment. Accordingly, the probate court erred when it failed to conduct a hearing on appellant's motion.
 {¶ 29} Appellant's sole assignment of error is sustained.
 {¶ 30} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Probate Division, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee.