[Cite as *NationStar Mtge., L.L.C.  v. Purnell*, 2014-Ohio-2824.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| NATIONSTAR MORTGAGE, LLC | : | JUDGES: | |
| | : | Hon. Sheila G. Farmer, P.J. | |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. | |
| | : | Hon. Patricia A. Delaney, J. | |
| -vs- | : | | |
| | : | | |
| MARY PURNELL, ET AL. | : | Case No. 13-CA-74 | |
| | : | | |
| Defendants-Appellants | : | O P I N I O N | |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2013 CV 00457


JUDGMENT:                         Reversed


DATE OF JUDGMENT:                 June 25, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

DAVID F. HANSON                           ANDREW J. GERLING
MICHAEL E. CARLETON                       TROY J. DOUCET
CRAIG SPADAFORE                           700 Stonehenge Parkway
P.O. Box 16508                            Suite 2B
Columbus, OH  43216-5028                  Dublin, OH  43017

*Farmer, P.J.*

{¶1}   On May 24, 2013, appellee, Nationstar Mortgage, LLC, filed a complaint in foreclosure against appellant, Mary Purnell, and others, for money due and owing on a note secured by a mortgage.  On August 14, 2013, appellee filed a motion for default judgment for appellant's failure to answer or otherwise defend.  By judgment entry and decree in foreclosure filed same date, the trial court granted the motion and ordered the requested foreclosure.

{¶2}   Thereafter, appellant filed an answer and counterclaim on August 22, 2013.  On September 20, 2013, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B).  An affidavit and exhibits were attached to the motion.  By entry filed October 30, 2013, the trial court denied the motion without hearing.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MS. PURNELL'S MOTION FOR RELIEF FROM JUDGMENT ON THE GROUNDS SHE DOES NOT HAVE A MERITORIOUS DEFENSE OR CLAIM."

II

{¶5}   "THE TRIAL COURT ABUSED ITS DISCRETION IN SUMMARILY CONCLUDING MS. PURNELL WAS NOT ENTITLED TO RELIEF UNDER CIV.R. 60(B)(1) AND (5) IN LIGHT OF THE CASE LAW AND EVIDENCE."

I

{¶6} Appellant claims the trial court abused its discretion in denying her Civ.R. 60(B) motion for relief from judgment and erred in failing to conduct an evidentiary hearing. We agree in part.

{¶7} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). Appellant based her Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect" and "any other reason justifying relief from the judgment." Civ.R. 60(B)(1) and (5). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶8} The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. Stark No. CA-8553, 1991 WL 242070 (Oct. 21, 1991). In *Cogswell,* this court held under Civ.R. 60(B), a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment. *Cogswell; BancOhio National Bank v. Schiesswohl,* 51 Ohio App.3d 130 (9th Dist.1988).

{¶9} In its entry filed October 30, 2013, the trial court found the motion was made within a reasonable time, but appellant did not demonstrate that she was entitled to relief under Civ.R. 60(B)(1) or that she had a meritorious defense. The trial court did not hold a hearing.

{¶10} Appellant presented an evidentiary quality affidavit with her motion. In her affidavit, appellant averred on October 12, 2012, she informed appellee of an emergency medical procedure and requested an extension of her monthly mortgage payment. Appellee agreed to accept the mortgage payments for November and December 2012 in December 2012. Appellant stated she made the payments on December 19, 2012 (four days after the due date for the December payment). Attached to the motion as Exhibit 2 is a copy of a "MoneyGram" directed to appellee and appellant's receipt for payment from Walmart. Appellant averred she then resumed her scheduled monthly mortgage payments. In May 2013, appellant contacted appellee for a new modification plan. In a letter dated May 22, 2013, attached to the motion as

Exhibit 3, appellee returned her payments "that were insufficient to resolve your delinquency."

{¶11} Based upon these evidentiary quality issues relative to appellant's claim of a meritorious defense, we find the trial court should have conducted an evidentiary hearing.

{¶12} Assignment of Error I is granted in part.

II

{¶13} Based upon our decision in Assignment of Error I, this assignment is moot.

{¶14} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed for an evidentiary hearing.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

SGF/sg 602