[Cite as *Capital One Bank (USA), N.A. v. King*, 2015-Ohio-3600.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2014CA00232 |
| | : | |
| STACY L. KING AND N.E. FAMILY | : | |
| CARE CENTER | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Stark County Court of
Common Pleas, Case No.
2010CV04312


JUDGMENT: REVERSED


DATE OF JUDGMENT ENTRY: August 31, 2015


APPEARANCES:

For Plaintiff-Appellant:

CHRISTOPHER A. GRAY
471 East Broad St., 12th Floor
Columbus, OH 43215

For Defendants-Appellees:

STACY L. KING (PRO SE)
1877 Lake Center St. SW
Uniontown, OH 44685

*Delaney, J.*

{¶1}   Plaintiff-Appellant Capital One Bank (USA), N.A. appeals the December 11, 2014 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On November 29, 2010, Plaintiff-Appellant Capital One Bank (USA), N.A. filed a complaint against Defendants-Appellees Stacy L. King and N.E. Family Care Center in the Stark County Court of Common Pleas. Capital One sought money damages based on King's alleged breach of the obligation for pay the balance due on a charged-off credit card.

{¶3}   After service was completed and King filed no answer, Capital One filed a motion for default judgment on March 18, 2011. King filed a motion for continuance on March 23, 2011. Capital One renewed its motion for default judgment on April 18, 2011. On April 19, 2011, the trial court granted the motion for default judgment.

{¶4}   On September 19, 2012, Capital One filed a motion to execute and issue a garnishment of King's personal earnings. Capital One filed a garnishment of funds of King's bank account on April 24, 2013. King did not request a hearing on the garnishments.

{¶5}   On August 12, 2014, Capital One filed a new motion to execute and issue a garnishment of King's personal earnings. King filed a request for hearing on September 9, 2014. A hearing was held before the magistrate on September 19, 2014. On December 11, 2014, the magistrate determined there was no evidence presented that any of the funds being garnished were exempt from garnishment under Ohio law.

{¶6} King filed a pro se motion for relief from judgment on October 29, 2014. In the motion, King argued they had worked with a debt consolidation company to settle the debt, but they were informed the company was convicted of fraud and had not paid the debt. King also questioned the amount of the debt.

{¶7} The trial court gave notice that it would hold a non-oral hearing on the motion on November 13, 2014.

{¶8} Capital One filed a response to the motion on November 10, 2014.

{¶9} By judgment entry filed on December 11, 2014, the trial court granted King's motion for relief from judgment. The trial court granted the motion pursuant to Civ.R. 60(B)(5).

{¶10} It is from this judgment Capital One now appeals.

## ASSIGNMENTS OF ERROR

{¶11} Capital One raises five Assignments of Error:

{¶12} "I. THE TRIAL COURT ERRED IN GRANTING KING'S MOTION FOR RELIEF FROM JUDGMENT UNDER THE AUTHORITY OF CIVIL RULE 60(B)(5) WHEN NO SUBSTANTIAL GROUNDS EXISTED TO JUSTIFY RELIEF.

{¶13} "II. THE TRIAL COURT ERRED IN GRANTING KING'S MOTION FOR RELIEF FROM JUDGMENT WHEN KING DID NOT BRING HER MOTION WITHIN A REASONABLE TIME.

{¶14} "III. THE TRIAL COURT ERRED IN GRANTING KING'S MOTION FOR RELIEF FROM JUDGMENT WHEN IT FOUND THAT KING'S CONFUSION OVER THE BALANCE DUE ON THE JUDGMENT CONSTITUTED A DEFENSE TO CAPITAL ONE'S CLAIMS FOR RELIEF.

{¶15} "IV. THE TRIAL COURT ERRED IN GRANTING KING'S MOTION FOR RELIEF FROM JUDGMENT WHEN KING DID NOT SUPPORT HER MOTION WITH AN AFFIDAVIT OR OTHER EVIDENCE.

{¶16} "V. THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING ON KING'S MOTION FOR RELIEF FROM JUDGMENT."

## ANALYSIS

{¶17} Capital One argues in its five Assignments of Error that the trial court abused its discretion when it granted King's motion for relief from judgment. We agree.

{¶18} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of the three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

{¶20} The trial court granted King's motion for relief from judgment pursuant to Civ.R. 60(B)(5), which allows the trial court to relieve a party from a final judgment for

"any other reason justifying relief from the judgment." Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Maggiore v. Barensfeld,* 5th Dist. Stark No. 2011CA00180, 2012–Ohio–2909, ¶ 35 citing *Dutton v. Potroos,* 5th Dist. Stark No. 2010CA00318, 2011–Ohio–3646, at ¶ 49. It is reserved for "extraordinary and unusual case[s]," *Myers v. Myers,* 9th Dist. Summit No. 22393, 2005–Ohio–3800, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment[.]" *Id.*

{¶21} In her motion for relief from judgment, King stated she was paying a debt consolidation company under the belief the company was paying the Capital One debt at issue in the case. King attached letters from the U.S. Department of Justice Victim Witness Coordinator to the motion that showed Mission Settlement Agency and two individuals pleaded guilty to federal fraud charges. She argued that on that basis of the fraud of Mission Settlement Agency, she should be relieved of the judgment against her for the credit card debt.

{¶22} Capital One argues the criminal actions of Mission Settlement Agency do not affect King's liability for the balance due on the credit card. On April 19, 2011, default judgment was granted to Capital One against King on Capital One's complaint on account. In support of its argument that the actions of the debt consolidation company do not rise to extraordinary circumstances, Capital One refers this Court to our decision in *WM Specialty Mtge. V. Mack*, 5th Dist. Licking No. 2008 CA 00125, 2009-Ohio-2590. In *Mack*, the appellants retained the services of a company named Foreclosure Assistance USA to assist them in a foreclosure suit that had been filed against them. The company hired an attorney to represent the appellants. The attorney

did not respond to a motion for summary judgment and judgment was entered against the appellants. The appellants argued under Civ.R. 60(B)(5) they were the victims of the gross neglect of their attorney who abandoned their representation of them and for that reason, their attorney's negligence should not be imputed to them. *Id.* at ¶ 30. We affirmed the trial court's decision to deny the motion for relief from judgment:

> We find the facts in the present case do not demonstrate that the action, or rather inaction, of Appellants' trial counsel in failing to respond to the motion for summary judgment or raising the defense of rescission were extraordinary circumstances to which Civ.R. 60(B)(5) may apply. It is undisputed that Appellants were in default on their mortgage loan, triggering the foreclosure proceedings. The motion for summary judgment filed by Appellee asserted there was no genuine issue of material fact that Appellants were in default of the loan and entitled to judgment as a matter of law. The trial court, and this Court, agreed Appellee was entitled to judgment as a matter of law. The client's remedy is against the attorney in a suit for malpractice; or in this case, an action against Foreclosure Assistance USA. *Pool Man, Inc. v. Rea* (Oct. 17, 1995), Franklin App. No. 95APG04-438.

*Id.* at ¶ 32.

{¶23} We find it was an abuse of discretion for the trial court to determine the failure of the debt consolidation company to pay the debt was an extraordinary circumstance pursuant to Civ.R. 60(B)(5) to relieve King of the default judgment. There is no dispute in this case that King, not the debt consolidation company, is liable to

Capital One for the balance of the credit card debt. The alleged criminal act of the Mission Settlement Agency in failing to pay the debt does not extinguish the existence of King's debt or the validity of the April 19, 2011 judgment against King. King's remedy in this case is a legal action against the debt consolidation company for its alleged failure to pay the debt.

{¶24} Capital One also argues the trial court abused its discretion when the trial court found King's dispute of the amount of the debt was a meritorious defense. Capital One argues King did not dispute in her motion that a debt was owed, but challenged the amount of the debt. King stated in her motion she requested proof how the debt owed was originally $4,500.00 but increased to $10,700.00. King did not attach any documents, including affidavits, to her motion for relief from judgment relating to the amount of the Capital One debt.

{¶25} The trial court did not hold an evidentiary hearing before granting King's motion for relief from judgment. The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. Stark No. CA–8553, 1991 WL 242070 (Oct. 21, 1991). *NationStar Mtge., L.L.C. v. Purnell*, 5th Dist. Fairfield No. 13-CA-74, 2014-Ohio-2824, ¶ 8. In *Cogswell,* this Court held under Civ.R. 60(B) that a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts, which would support a meritorious defense to the judgment. *Cogswell; BancOhio National Bank v. Schiesswohl,* 51 Ohio App.3d 130, 554 N.E.2d 1362 (9th Dist.1988).

{¶26} In her motion for relief from judgment, King disputed the amount of the debt owed, which is a dispute of fact. King did not attach evidentiary quality affidavits to her motion for relief from judgment to support her dispute of fact. The trial court did not hold an evidentiary hearing on the motion for relief from judgment, but granted the motion for relief from judgment finding King raised a meritorious defense based on the dispute of the amount of the debt. In *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102, the Ohio Supreme Court addressed the issue of when a hearing is required under Civ.R. 60(B). The Court stated as follows:

> This issue was discussed in *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, * * *. In *Coulson,* this court adopted the following rule set forth in *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, * * *: 'If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.' * * *

*In re Estate of Perez*, 5th Dist. Stark No. 2005CA00204, 2006-Ohio-2841, ¶¶ 17-18.

{¶27} We find the trial court abused its discretion when it found King presented a meritorious defense and granted the motion for relief from judgment without the support of evidentiary quality affidavits or an evidentiary hearing.

{¶28} Upon review, we sustain Capital One's Assignments of Error.

**CONCLUSION**

{¶29} The judgment of the Stark County Court of Common Pleas is reversed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.