[Cite as *Chase Home Fin., L.L.C. v. Lindenmayer*, 2016-Ohio-1202.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHASE HOME FINANCE, LLC | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| STEPHANIE L. LINDENMAYER, ET AL. | : | Case No. 15-CA-32 |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                                 Pleas, Case No. 09-CV-0656

JUDGMENT:                                         Affirmed

DATE OF JUDGMENT:                        March 22, 2016

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

ANNE MARIE SFERRA                           BRUCE M. BROYLES
NELSON M. REID                                    5815 Market Street
100 South Third Street                           Suite 2
Columbus, OH  43215                            Boardman, OH  44512

*Farmer, P.J.*

{¶1} On April 7, 2009, appellee, Chase Home Finance, LLC, filed a complaint in foreclosure against appellant, Stephanie Lindenmayer, and others, for failure to pay on a note secured by a mortgage. On June 8, 2009, appellee filed a motion for summary judgment and renewed the same on December 24, 2009. By judgment entry filed January 15, 2010, the trial court granted the motion and ordered foreclosure. Appellant did not appeal.

{¶2} On June 3, 2013, appellant filed a motion to vacate the trial court's January 15, 2010 judgment entry, challenging appellee's standing. By judgment entry filed July 8, 2013, the trial court denied the motion. Appellant appealed and this court affirmed the decision. *Chase Home Finance, LLC v. Lindenmayer,* 5th Dist. Licking No. 13-CA-66, 2014-Ohio-1041.

{¶3} On September 29, 2014, the trial court stayed execution of the decree of foreclosure as the parties attempted a loan modification. The loan modification was unsuccessful so the stay was lifted on March 9, 2015, and a Sheriff's Sale was set for May 28, 2015. On May 22, 2015, appellant filed a Civ.R. 60(B) motion for relief from judgment, claiming fraud upon the court in the original summary judgment motion because an original promissory note, mortgage, and assignment did not exist. By judgment entry filed May 26, 2015, the trial court denied the motion.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING STEPHANIE LINDENMAYER'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT A HEARING."

I

{¶6} Appellant claims the trial court erred in denying her Civ.R. 60(B) motion for relief from the judgment without a hearing. We disagree.

{¶7} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). Appellant based her Civ.R. 60(B) motion on "any other reason justifying relief from the judgment" (fraud upon the court). Civ.R. 60(B)(5). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must
> demonstrate that: (1) the party has a meritorious defense or claim to present
> if relief is granted; (2) the party is entitled to relief under one of the grounds
> stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a
> reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or
> (3), not more than one year after the judgment, order or proceeding was
> entered or taken.

{¶8}     Appellant argues the trial court erred in failing to hold an evidentiary hearing on the motion and abused its discretion in denying the motion because an affidavit was filed with the motion alleging a meritorious defense.

{¶9}     The denial of a hearing and the presentation of a meritorious defense go hand in hand.  The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. Stark No. CA-8553, 1991 WL 242070 (Oct. 21, 1991).  In *Cogswell,* this court held under Civ.R. 60(B), a hearing is not required unless there exist issues supported by evidentiary quality affidavits.  A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment.  *Cogswell; BancOhio National Bank v. Schiesswohl,* 51 Ohio App.3d 130 (9th Dist.1988).  *See also Capital One Bank v. King,* 5th Dist. Stark No. 2014CA00232, 2015-Ohio-3600.

{¶10}  In appellant's May 22, 2015 Civ.R. 60(B) motion, she alleged fraud upon the court stemming from appellee's affidavit in support of its motion for summary judgment.  The December 24, 2009 affidavit alleged appellee was in possession of the original note, mortgage, and assignment, and attached "[t]rue and accurate" copies of the originals "as they exist in Plaintiff's files."  Appellant argued the original documents no longer existed, as appellee had a policy of making digital images of original documents and then shredding them.

{¶11}  In support of her Civ.R. 60(B) motion, appellant filed the affidavit of William Jervis.  We note Mr. Jervis "signed" the affidavit with a stamp of his signature, and the signature was not sworn to nor subscribed to in the presence of a notary:


NOTARY PUBLIC

~~Sworn to and~~ subscribed and then verified by telephone and internet ~~in my presence~~ on this 19th day of May, 2015.

Bruce M. Broyles
Notary Public

{¶12}  We find any colorable claim of a meritorious defense is not supported by an evidentiary quality affidavit.

{¶13}  Also attached is a transcript of a purported recorded telephone conversation between Mr. Jervis and a Chase representative.  Appellant argues the certification by a registered professional reporter to the transcript is of sufficient evidentiary quality to warrant a hearing on the issue of a meritorious defense:


I HEREBY CERTIFY that the above and foregoing is a true and correct transcription of an excerpt of the recorded phone conversation.  This record was prepared from a recording provided by William Jervis.

Brenda J. Brink
Brenda J. Brink
Registered Professional Reporter

{¶14}  The reporter merely certified that what she heard, then typed.  The certification did not affirm the identity of the parties.

{¶15}  Based upon the following observations, we find appellant's Civ.R. 60(B) motion fails for lack of evidentiary quality affidavits.  The trial court's denial of the motion, although summarily done, is supported by the record.

{¶16}  The sole assignment of error is denied.

{¶17}  The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.

SGF/sg 309