[Cite as *Stevens v. Stevens*, 2016-Ohio-7925.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| SOPHIA STEVENS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-CA-17 |
| ROBERT STEVENS | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Fairfield County Court
of Common Pleas, Domestic Relations
Division, Case No. 2014 DR 00048

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 23, 2016


APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

JASON DONNELL                        ANGELA SEIMER
118 S. Pearl Street                  437 N. Broad Street
Lancaster, OH 43130                  Lancaster, OH 43130

*Gwin, P.J.*

{¶1} Appellant appeals the April 20, 2016 judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, denying her Civil Rule 60(B) motion to vacate.

*Facts & Procedural History*

{¶2} Appellant Sophia Stevens and appellee Robert Stevens were married on November 21, 1992. The parties had two children during the marriage, M.S., born April 9, 2000 and H.S., born December 5, 2003. On February 5, 2014, appellant filed a complaint for divorce against appellee.

{¶3} On July 13, 2015, the parties filed a handwritten memorandum judgment entry. The memorandum entry provides it will be filed, but not journalized, and that the attorney of record shall prepare a final judgment entry to be filed with the court in accordance with the local rules. With regards to child support, the handwritten judgment entry provides that "Father shall be obligated to pay child support to be calculated pursuant to using the parties' documented current incomes, per attached worksheet." The handwritten memorandum judgment entry did not include a provision with regards to child support arrearages.

{¶4} On September 1, 2015, an agreed judgment entry and decree of divorce was filed and journalized. The judgment entry was signed by appellant, appellee, appellant's attorney, appellee's attorney, and the trial court judge. As to child support, the agreed judgment entry and decree of divorce provides that appellee "shall pay child support pursuant to the attached child support worksheet" and "the above child support

amount agreed upon by the parties was computed in accordance with Chapter 3119 of the Ohio Revised Code. A copy of the Child Support Worksheet is attached."

{¶5} Appellant filed a motion to vacate pursuant to Civil Rule 60(A) and/or Civil Rule 60(B). In her motion, appellant alleged that appellee was supposed to pay $3,240.17 in child support arrearages and this was inadvertently omitted from both the handwritten memorandum journal entry and the agreed journal entry/decree of divorce. The trial court issued a notice that it set her motion for a non-oral hearing.

{¶6} Appellant filed a supplemental memorandum in support of her motion on April 12, 2016. Attached to the supplemental memorandum were the following: Exhibit A, a copy of the agreed journal entry and decree of divorce; Exhibit B, a copy of the Fairfield County Child Support Enforcement Agency financial transaction history for the period of January 1, 2014 through July 9, 2015 showing an unpaid balance of $3,240.17; and Exhibit C, a copy of the handwritten memorandum journal entry. In the supplemental memorandum, appellant argues she has a meritorious defense in that she made compromises during negotiations in exchange for appellee paying the child support arrearages, including: agreeing to waive spousal support, relinquishing rights in the Millfield property, allowing appellee to claim M.S. as a dependent every other year for tax purposes, and allowing appellee to retain rent from the marital property.

{¶7} Appellee filed a memorandum contra to appellant's motion on April 13, 2016, and argued there was no intent by appellee to preserve the arrears, as indicated by both the memorandum journal entry and the agreed journal entry/decree of divorce. Further, that both parties made compromises in negotiations and such compromises were not specifically related to the arrearages.

{¶8} The trial court issued a judgment entry denying appellant's motion on April 20, 2016. The trial court first found the omission was not a clerical mistake and would be a substantive change; thus, it was not proper to correct the entry pursuant to Civil Rule 60(A). As to Civil Rule 60(B)(1), the trial court found appellant did not present operative facts to warrant a grant of 60(B) motion on the basis of an alleged mistake or inadvertence. The trial court stated unsworn allegations alone are not sufficient. Further, that mere carelessness on a litigant's part is not sufficient to rise to the level of mistake, inadvertence, and/or excusable neglect.

{¶9} Appellant appeals the April 20, 2016 judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶10} "I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S RULE 60(B) MOTION BEFORE HOLDING AN EVIDENTIARY HEARING."

I.

{¶11} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Ragan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶12} Civil Rule 60(B) provides that "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *." A party seeking relief from judgment pursuant to Civil Rule 60(B) must

show: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). A failure to establish any one of these three requirements will cause the motion to be overruled. *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 474 N.E.2d 328 (1984).

{¶13} In her assignment of error, appellant first contends the trial court abused its discretion in not granting her motion pursuant to Civ.R. 60(B)(1) for excusable neglect. In her motion for relief, appellant argues the failure to include the provision for appellee to pay her child support arrears was the result of "mistake, inadvertence, surprise, or excusable neglect" as such provision was "lost in negotiation." To determine whether neglect is "excusable" under Civ.R. 60(B)(1), a court must consider all the surrounding facts and circumstances. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988).

{¶14} Excusable neglect has been further defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Maggiore v. Barensfeld*, 5th Dist. Stark Nos. 201CA00180, 2011CA00230, 2012-Ohio-2909. It is well settled that mere carelessness on a litigant's part, or on the part of his or her attorney, is not sufficient to rise to the level of mistake, inadvertence, surprise, or excusable neglect. *Muskingum Watershed Conservatory District v. Kellar*, 5th Dist. Tuscarawas No. 2011AP020009, 2011-Ohio-6889; *Blaney v. Kerrigan*, 5th Dist. Fairfield No. 12-CA-86, 1986 WL 8646 (Aug. 4, 1986). "Excusable neglect is not present

if the party seeking relief could have prevented the circumstances from occurring." *Maggiore v. Barensfeld*, 5th Dist. Stark Nos. 201CA00180, 2011CA00230, 2012-Ohio-2909, citing *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 10th Dist. Franklin No. 08AP-69, 2008-Ohio-3567.

{¶15} In this case, we find the trial court did not abuse its discretion in finding no excusable neglect under these facts and circumstances. The failure to include the provision with regards to the payment of child support arrears was not the consequence of some unexpected or avoidable hindrance or accident. Rather, appellant could have controlled or guarded against the event by making sure the child support arrearage provision was contained in the handwritten memorandum and/or in the agreed judgment entry/decree of divorce that both she and her attorney signed.

{¶16} In her assignment of error, appellant next argues the trial court erred in failing to hold an evidentiary hearing on her motion to judge the credibility of appellant and appellee. We disagree.

{¶17} The standard for when an evidentiary hearing on a Civil Rule 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.*, 5th Dist. Stark No. CA-8553, 1991 WL 242070 (Oct. 21, 1991). In *Cogswell*, this Court held under Civil Rule 60(B) that a hearing is not required unless there exist issues supported by evidentiary quality affidavits. *Id.* A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts, which would support a meritorious defense to the judgment. *Id.*; *Capital One Bank (USA), N.A. v. King*, 5th Dist. Stark No. 2014CA00232, 2015-Ohio-3600.

{¶18} In this case, in her brief attached to her motion for relief and in her supplemental memorandum, appellant disputed the amount of child support appellee owed her, arguing that both the handwritten agreement and the final judgment entry were supposed to include a provision in which appellee was to pay appellant for child support arrearages in the amount of $3,240.17. This is a dispute of fact. Appellant did not attach evidentiary quality affidavits to her motion for relief from judgment to support her dispute of fact as she did not file any affidavits in support of her motion. Accordingly, we find the trial court did not err in not holding an evidentiary hearing, as there were no supportive affidavits containing allegations of operative fact that support a meritorious defense entitling appellant to an evidentiary hearing. *Chase Home Finance, LLC v. Lindenmayer*, 5th Dist. Licking No. 15-CA-32, 016-Ohio-1202; *Capital One Bank (USA), N.A. v. King*, 5th Dist. Stark No. 2014CA00232, 2015-Ohio-3600. As this Court has previously noted, "unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment." *Blaney v. Kerrigan*, 5th Dist. Fairfield No. 12-CA-86, 1986 WL 8646 (Aug. 4. 1986), quoting *East Ohio Gas v. Walker*, 59 Ohio App.2d 216, 394 N.E.2d 348 (8th Dist. 1978).

{¶19} Appellant also contends in her brief that the trial court abused its discretion in denying the motion because she alleged a meritorious defense in her motion to vacate. Appellant argues she made several compromises during the negotiations in exchange for appellee's obligation to pay the arrearages, including agreeing to waive child support, relinquishing her rights in the Millfield property, allowing appellee to claim the minor child

as a dependent every other year for tax purposes, and allowing appellee to retain the rent from the marital property.

{¶20} The denial of a hearing and the presentation of a meritorious defense go hand in hand. *Chase Home Finance, LLC v. Lindenmayer*, 5th Dist. Licking No. 15-CA-32, 016-Ohio-1202. As detailed above, the motion and supporting evidence did not contain sufficient allegations of operative facts to support a meritorious defense to the judgment. See *Wells Fargo Bank v. Grutsch*, 5th Dist. Delaware Nos. 14 CAE 1000067, 15 CAE 050041, 2015-Ohio-4721. Further, while the provisions appellant cites are included in both the handwritten memorandum journal entry and the agreed journal entry/decree of divorce, there is no indication in the record or in either document that these provisions were included in exchange for appellee's payment of child support arrearages.

{¶21} Based on the foregoing, we find the trial court did not abuse its discretion in denying appellant's motion to vacate and/or in failing to hold an evidentiary hearing. Appellant makes no showing by way of affidavit that excusable neglect existed, or that she has a meritorious defense to present if relief is granted. Appellant's assignment of error is overruled and the April 20, 2016 judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur