[Cite as *Wells Fargo Bank v. Grutsch*, 2015-Ohio-4721.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WELLS FARGO BANK | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon.Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case Nos. 14 CAE 100067& 15 CAE 05 |
| | : | 0041 |
| | : | |
| RICHARD L. GRUTSCH, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeals from the Delaware County
                             Court of Common Pleas, Case No. 11
                             CV E 04 0435

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      November 10, 2015

APPEARANCES:

For Plaintiff-Appellee:                For Defendants-Appellants:

SCOTT A. KING                          DANIEL A. YARMESCH
TERRY W. POSEY, JR.                    AUDREY J. BALINT
10050 Innovation Dr.                   700 Stonehenge Parkway, Suite 2B
Suite 400                              Dublin, OH 43017
Miamisburg, OH 45342

*Delaney, J.*

{¶1}   Defendants-Appellants Richard and Lori Grutsch appeal the September 16, 2014 and April 28, 2015 judgment entries of the Delaware County Court of Common Pleas.

## I. FACTS AND PROCEDURAL HISTORY

{¶2}   On May 1, 2003, Defendant-Appellant Richard L. Grutsch executed a Note and Mortgage in favor of Equitable Mortgage Corporation. Defendant-Appellant Lori Grutsch executed the Mortgage to release dower.

{¶3}   The Note was indorsed by Equitable Mortgage Corporation and assigned to Plaintiff-Appellee Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage, Inc. The Mortgage was assigned by Equitable Mortgage Corporation to Wells Fargo on May 1, 2003 and recorded on May 20, 2003 with the Delaware County Recorder.

{¶4}   The Grutsches defaulted under the terms of the Note and the Mortgage. Wells Fargo filed a complaint in foreclosure against the Grutsches on April 5, 2011. Wells Fargo attached the indorsed Note, the assignment of the Mortgage, and a certificate of merger to the complaint.

{¶5}   The Grutsches filed an answer to complaint on September 22, 2011 through their attorney, Sarah Williams. Williams listed her address on the pleading as 2130 Arlington Avenue, Columbus, Ohio 43221 ("Arlington Address"). Williams was with the legal firm of Jump Legal Group, LLC.

{¶6}   On June 8, 2012, Williams filed a notice of bankruptcy and suggestion of stay on behalf of the Grutsches. Williams listed her address on the filing as 50 West

Broad Street, Suite 2300, Columbus, Ohio 43215 ("Broad Street Address"). Williams was with the legal firm of Judith McInturff Co., LPA. The trial court stayed the proceedings on June 22, 2012.

{¶7} On April 11, 2014, Defendant Huntington National Bank filed an amended answer, counterclaim, and cross claim. Huntington served the copy of the pleading by certified mail upon the Grutsches at their home address.

{¶8} Wells Fargo filed a motion to reactivate the foreclosure proceedings on June 13, 2014. Wells Fargo served a copy of the motion by ordinary mail to Williams at the Arlington Address. The trial court reactivated the proceedings on June 17, 2014.

{¶9} The trial court issued a scheduling entry on June 25, 2014. The scheduling entry set the dispositive motion schedule and a bench trial for October 9, 2014. The Delaware Clerk of Courts mailed the scheduling entry to Williams at the Arlington Address.

{¶10} Wells Fargo filed a motion for summary judgment on July 23, 2014. Pursuant to the scheduling entry, the response to the motion for summary judgment was due in ten days. Wells Fargo served a copy of the motion for summary judgment to Williams at the Arlington Address. On July 31, 2014, Huntington filed a motion for default judgment against the Grutsches for their failure to respond to its pleading. Huntington served the motion for default judgment upon the Grutsches by ordinary mail to their home address.

{¶11} On August 13, 2014, the trial court ordered the Delaware Clerk of Courts to serve the June 25, 2014 scheduling entry to Williams at the Broad Street Address. Also on August 13, 2014, the trial court ordered Huntington's motion for default

judgment be set for oral hearing on September 5, 2014 because the Grutsches had made an appearance in the case. The notice was served upon Williams at the Broad Street Address.

{¶12} On August 22, 2014, Wells Fargo filed a notice with the trial court that it served copies of the motion to reactivate and the motion for summary judgment upon Williams by email and by ordinary mail at the Broad Street Address.

{¶13} Huntington withdrew its motion for default judgment on September 4, 2014.

{¶14} The Grutsches did not file a response to Wells Fargo's motion for summary judgment nor did they file a motion for leave to file a memorandum contra. On September 16, 2014, the trial court granted Wells Fargo's motion for summary judgment.

{¶15} The Grutsches, through new counsel, filed a motion for relief from judgment on October 10, 2014. The Grutsches argued their failure to respond to the motion for summary judgment was excusable neglect based on Wells Fargo's failure to send the motion for summary judgment to counsel's correct mailing address.

{¶16} The Grutsches also filed a notice of appeal of the September 16, 2014 judgment entry (Case No. 14 CAE 10 0067). On March 9, 2015, this Court issued a judgment entry remanding the case to the trial court to rule upon the pending motion for relief from judgment.

{¶17} On April 28, 2015, the trial court denied the Grutsches' motion for relief from judgment. The Grutsches filed a notice of appeal of the April 28, 2015 judgment entry (Case No. 15 CAE 05 0041).

{¶18} In this opinion, we consider the appeals of both the September 16, 2014 and the April 28, 2015 judgment entries.

## II. MOTION FOR RELIEF FROM JUDGMENT

**A. ASSIGNMENTS OF ERROR**

{¶19} The Grutsches raise two Assignments of Error:

{¶20} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT RICHARD L. GRUTSCH'S MOTION FOR RELIEF FROM JUDGMENT ON THE GROUNDS THAT HE DOES NOT HAVE A MERITORIOUS CLAIM OR DEFENSE.

{¶21} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN CONCLUDING MR. GRUTSCH WAS NOT ENTITLED TO RELIEF UNDER CIV.R. 60(B)(1), (4), AND (5)."

**B. ANALYSIS**

{¶22} The Grutsches argue in their two Assignments of Error that the trial court abused its discretion when it denied their motion for relief from judgment. We disagree.

### 1. Standard of Review

{¶23} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶24} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be

timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of the three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland,* 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

{¶25} The Grutsches brought their motion for relief from judgment under Civ.R. 60(B)(1), (4), and (5).

## 2. Excusable Neglect

{¶26} The Grutsches first argue their failure to respond to the motion for summary judgment was excusable neglect. Civ.R. 60(B)(1) states as to excusable neglect:

On motion and upon such terms as are just, the court may relieve a party* * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken.

{¶27} The Ohio Supreme Court has yet to develop a definitive definition of excusable neglect. However, it has described it in the negative stating, "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic Elec., Inc.,* 47 Ohio St.2d at 153, 351 N.E.2d 113.

{¶28} The trial court determined the Grutsches' failure to file a memorandum contra to the motion for summary judgment was not excusable neglect. The trial court noted that counsel for Wells Fargo and the Delaware Clerk of Courts had utilized the Arlington Address to serve Williams with motions and judgment entries. However, on August 13, 2014, the trial court ordered the Delaware Clerk of Courts to serve a copy of the June 25, 2014 scheduling entry upon Williams at the Broad Street Address. The docket shows that on August 22, 2014, Wells Fargo served copies of the motion to reactivate and the motion for summary judgment upon Williams by both email and ordinary mail.

{¶29} The Grutsches argue that copies of the motion for summary judgment were not received until after the deadline to file a memorandum contra. This is correct, but as the trial court noted, the Grutsches did not seek leave from the trial court to file a memorandum contra after they became aware of the motion for summary judgment. The trial court also noted the motion for summary judgment was filed on July 23, 2014. The Grutsches were made aware and received a copy of the motion for summary judgment on August 22, 2014. The trial court did not rule on the motion for summary judgment until September 16, 2014. The Grutsches had 25 days to seek leave to respond to the motion for summary judgment or to file a response to the motion for summary judgment.

{¶30} We further find the docket shows that the Grutsches were personally served with pleadings and a motion for default judgment from Huntington National Bank, a defendant in the foreclosure proceeding. This should have put the Grutsches on notice that the foreclosure matter was proceeding in the trial court.

{¶31} "While unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable." *Sandifer v. Yoder*, 5th Dist. Tuscarawas No. 2015 AP 02 0008, 2015-Ohio-4270, ¶ 20 quoting *National City Bank v. Kessler,* 10th Dist. No. 03AP–312, 2003–Ohio–6938, ¶ 14. The analysis of excusable neglect turns on the facts and circumstances presented in each case. *Cannell v. Bates,* 10th Dist.App. No. 00AP–915, 00AP–916, 00AP–917, 2001 WL 224532 (March 8, 2001).Under these facts and circumstances, we find the trial court did not abuse its discretion in finding the failure to respond was not excusable neglect.

### 3. Satisfaction of the Judgment

{¶32} In their motion for relief from judgment, the Grutsches argued they should be granted relief from judgment pursuant to Civ.R. 60(B)(4). The rule states that relief can be granted if, "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]"

{¶33} The Grutsches contend they demonstrated they had no opportunity to respond to the motion for summary judgment, therefore it was no longer equitable that the judgment have prospective application. Based on our analysis under Civ.R. 60(B)(1), we agree with the trial court's conclusion that the Grutsches could have sought leave to respond to the motion for summary judgment.

### 4. Any Other Reason

{¶34} The Grutsches argue they were entitled to relief from judgment pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) allows the trial court to relieve a party from a final

judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.' " *Maggiore v. Barensfeld,* 5th Dist. Stark No.2011CA00180, 2012–Ohio–2909, ¶ 35 citing *Dutton v. Potroos,* 5th Dist. Stark No.2010CA00318, 2011–Ohio–3646, at ¶ 49. It is reserved for "extraordinary and unusual case [s]," *Myers v. Myers,* 9th Dist. Summit No. 22393, 2005–Ohio–3800, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment [.]" *Id.*

{¶35} The circumstances of this case do not rise to the level of extraordinary circumstances. While Wells Fargo and the Delaware Clerk of Courts served the motion for summary judgment to counsel for the Grutsches at an incorrect mailing address, once the parties were notified of the error, Wells Fargo and the trial court served counsel with the documents at the correct mailing address. The Grutsches could have sought leave to file a memorandum contra. Based on the date the trial court eventually ruled on the motion for summary judgment, it could appear that the trial court would have been amenable to such a filing.

### 5. Meritorious Defense

{¶36} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of the three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v.*

*Cleveland,* 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984). In this case, we determined the Grutsches failed to establish they were entitled to relief under any one of the grounds set forth in Civ.R. 60(B). Because the Grutsches failed to establish the second prong of the GTE test, the Grutsches are not entitled to relief from judgment and our analysis could end here. However, we will address the Grutsches' arguments as to their alleged meritorious defenses to the foreclosure complaint because these arguments are also found in their appeal of summary judgment in favor of Wells Fargo.

### a. Standing

{¶37} The Grutsches argue Wells Fargo failed to demonstrate it was the real party in interest with standing to bring the foreclosure action. The Grutsches rely in part upon the Ohio Supreme Court's decision in *Fed. Home Loan Mortg. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012–Ohio–5017, 979 N.E.2d 1214, to support their argument. In *Schwartzwald,* the plaintiff mortgagee filed a complaint in foreclosure, but at the time it filed the foreclosure action, the plaintiff mortgagee did not have an interest in the note or the mortgage. The issue before the Court was whether the plaintiff mortgagee could cure the lack of standing after the foreclosure complaint was filed. The Court held:

> * * * standing is required to invoke the jurisdiction of the common pleas court, and therefore it is determined as of the filing of the complaint. Thus, receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action.

*Id.* at ¶ 3, 979 N.E.2d 1214.

{¶38} In *Wells Fargo Bank, N.A. v. Horn,* 142 Ohio St.3d 416, 2015–Ohio–1484, 31 N.E.3d 637, the Ohio Supreme Court clarified its holding in *Schwartzwald* to state that the decision did not require the plaintiff to prove standing at the time the foreclosure action was filed. *Id.* at ¶ 1, 979 N.E.2d 1214. "Rather, although the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint." *Id.*

{¶39} Wells Fargo filed the foreclosure complaint in the present case on April 5, 2011. Wells Fargo alleged in the complaint that it was the holder of the Note and Mortgage. A copy of the Note was attached to the complaint and it contained an indorsement from Equitable Mortgage Corporation to Wells Fargo. Wells Fargo attached to the complaint an Assignment of Mortgage from Equitable Mortgage Corporation to Wells Fargo, executed on May 1, 2003 and recorded on May 20, 2003.

{¶40} In support of its motion for summary judgment, Wells Fargo attached the affidavit of Cynthia Thomas, Vice President Loan Documentation for Wells Fargo. Thomas authenticated copies of the Note, Mortgage, and the Assignment. The copy of the Note attached to Thomas's affidavit differed from the one attached to the complaint in that it also contained an indorsement in blank by Wells Fargo.

{¶41} The Grutsches argue there is a genuine issue of fact whether Wells Fargo is the holder of the Note because of the differences between the Note attached to the complaint and the Thomas affidavit. The Note attached to the complaint is indorsed by Equitable Mortgage Corporation to Wells Fargo. The Note attached to the Thomas affidavit also contains a blank indorsement by Wells Fargo. We find the blank indorsement on the Note attached the Thomas affidavit does not call Wells Fargo's

standing into question. The Thomas affidavit states that Wells Fargo is in possession of the Note. Wells Fargo had the authority to place the blank indorsement on the Note while it was in possession of the Note. *See Freedom Mtge. Corp. v. Vitale*, 5th Dist. Tuscarawas No. 2013-AP-08-0037, 2014-Ohio-1549, ¶ 18.

{¶42} Upon this record, the evidence demonstrates that Wells Fargo is the real party in interest with standing to bring the foreclosure action against the Grutsches.

### b. Conditions Precedent

{¶43} The Grutsches contend Wells Fargo failed to comply with the conditions precedent before initiating foreclosure proceedings. Paragraph 22 of the Mortgage is the Acceleration provision. It states Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Mortgage. The Note contains a similar provision for notice of default. The Mortgage further states "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail * * *." The Thomas affidavit states that "[a] Notice of Default letter dated February 13, 2011 was sent to the Borrower(s) by first class mail in accordance with the terms of the Promissory Note and Mortgage." The Grutsches state Wells Fargo provided no evidence that it mailed the default notice.

{¶44} Wells Fargo contends the Grutsches waived the right to argue the conditions precedent, if any, were not met by Wells Fargo because they failed to specifically deny performance of conditions precedent in their answer to the complaint. Civ.R. 9(C) provides:

In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

{¶45} The Grutsches filed their answer to the complaint in foreclosure on September 22, 2011. The answer and affirmative defenses raised by the Grutsches are silent as to conditions precedent. Accordingly, we find the Grutsches have waived their arguments as to conditions precedent pursuant to Civ.R. 9(C). *See PNC Bank, N.A. v. Bradford,* 5th Dist. Stark No. 2014CA00029, 2015-Ohio-4092, ¶ 34; *Citimortgage, Inc. v. Cathcart,* 5th Dist. Stark No.2013CA00179, 2014–Ohio–620; *Bank of America, N.A. v. Wise,* 5th Dist. Fairfield No. 14 CA 11, 2014–Ohio–3091.

### c. Thomas Affidavit -- Personal Knowledge

{¶46} The Grutsches argue the affidavit submitted by Wells Fargo in support of their motion for summary judgment was not based upon personal knowledge. Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. *U.S. Bank Trustee NA v. Herman,* 5th Dist. Delaware No. 14 CAE 04 0023, 2015–Ohio–586, ¶ 14 citing *Citimortgage, Inc. v. Cathcart,* 5th Dist. Stark No.2013CA00179, 2014–Ohio–620. It is not a requirement that the witness have firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with

the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*

{¶47} In *Wachovia Bank v. Jackson,* 5th Dist. Stark No.2010–CA–00291, 2011–Ohio–3202, this Court cited *Lasalle Bank Nat'l. Assoc. v. Street,* 5th Dist. Licking No. 08CA60, 2009–Ohio–1855:

Ohio courts have defined 'personal knowledge' as 'knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said.' *Zeedyk v. Agricultural Soc. of Defiance County,* Defiance App. No. 4–04–08, 2004–Ohio–6187, at paragraph 16, quoting *Bonacorsi v. Wheeling & Lake Erie Railway Co.* (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d ; Black's Law Dictionary (7th Ed. Rev.1999) 875. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements of Civ.R. 56(E). *Tolson v. Triangle Real Estate,* Franklin App. No. 03AP–715, 2004–Ohio–2640, paragraph 12. However, self-serving affidavits may be offered relative to a disputed fact, rather than a conclusion of law. *CitiMortgage, Inc. v. Ferguson,* Fairfield App. No.2006CA00051, 2008–Ohio–556, paragraph 29. Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. See *Bush v. Dictaphone Corp.,* Franklin App. No. 00AP1117, 2003–Ohio–

883, paragraph 73, citing *Beneficial Mortgage Co. v. Grover* (June 2, 1983), Seneca App. No. 13–82–41. *Lasalle* at paragraphs 21–22.

'Personal knowledge' has been defined as knowledge of factual truth which does not depend on outside information or hearsay." * * * Further, "An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). See *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA008308, 2004–Ohio–1986, paragraph 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id." Id.* at para 26 and 27 (Citations omitted).

See also *Wells Fargo Bank, N.A. v. Dawson,* 5th Dist. Stark No.2013CA00095, 2014–Ohio–269.

{¶48} In her affidavit, Thomas stated:

1. I am a Vice President Loan Documentation with Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), the Plaintiff herein, and in that capacity I am authorized to execute this Affidavit. * * *

2. In the regular performance of my job functions, I am familiar with business records maintained by Wells Fargo for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by, persons with knowledge of the

activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Wells Fargo. It is the regular practice of Wells Fargo's mortgage servicing business to make these records. In connection with making this affidavit, I have acquired personal knowledge of the matters stated herein by examining these business records.

{¶49} Thomas's affidavit goes on to state the details of the Note and Mortgage executed by the Grutsches. Thomas averred that a payment was not made on July 1, 2011 and the last payment was on January 23, 2013. On July 2, 2014, there was due and owing on the loan in the amount of $265,907.53.

{¶50} Thomas's affidavit meets the standards set forth in *Wachovia Bank v. Jackson. See U.S. Bank v. Herman,* 2015–Ohio–586, ¶ 24. From her position as the Vice President Loan Documentation and her statement that she examined the records in this case, it may be reasonably inferred that she had personal knowledge to qualify the documents as an exception to the hearsay rule as business documents. *Id.* Thomas's affidavit was properly admissible.

### d. Amount Owed

{¶51} The Thomas affidavit stated the amount due and owing under the terms of the Note and Mortgage was $265,907.53. In support of their motion for relief from judgment, the Grutsches submitted the affidavit of Richard Grutsch. His affidavit stated that he did not believe $265,907.53 was owed on the Note and Mortgage and Wells Fargo failed to prove the expenditures, credits, and debits to reach that balance.

{¶52} In denying the motion for relief from judgment, the trial court noted Grutsch did not provide any corroborating or affirmative evidence to support his assertion that Wells Fargo miscalculated the amount owed under the terms of the Note and Mortgage. We cannot find the trial court abused its discretion in finding that the Grutsches failed to provide a meritorious defense to the amount owed as stated by Wells Fargo.

### 6. No Evidentiary Hearing Was Required

{¶53} The Grutsches contend they presented uncontroverted, operative facts that required the trial court to conduct an evidentiary hearing on their motion for relief from judgment. The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. Stark No. CA–8553, 1991 WL 242070 (Oct. 21, 1991). *NationStar Mtge., L.L.C. v. Purnell,* 5th Dist. Fairfield No. 13–CA–74, 2014–Ohio–2824, ¶ 8. In *Cogswell,* this Court held under Civ.R. 60(B) that a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts, which would support a meritorious defense to the judgment. *Cogswell; BancOhio National Bank v. Schiesswohl,* 51 Ohio App.3d 130, 554 N.E.2d 1362 (9th Dist.1988).

{¶54} Based on our analysis above, we find the trial court did not err when it ruled on the motions to deny the Grutsches' motion for relief from judgment. The Grutsches' motion and supporting evidence did not contain sufficient allegations of operative facts to support a meritorious defense to the judgment.

**C. CONCLUSION**

{¶55} Upon our review, we find the trial court did not err in denying the motion for relief from judgment filed by the Grutsches. The two Assignments of Error raised by the Grutsches as to the denial of the motion for relief from judgment are overruled.

### III. MOTION FOR SUMMARY JUDGMENT

**A. Assignment of Error**

{¶56} The Grutsches raise one Assignments of Error:

{¶57} "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLANT WELLS FARGO BANK N.A. SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. ("WELLS FARGO") SUMMARY JUDGMENT ON ITS FORECLOSURE CLAIMS."

**B. Analysis**

#### 1. Standard of Review

{¶58} The Grutsches argue in their Assignment of Error that the trial court erred in granting summary judgment in favor of Wells Fargo. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or

stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶59} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶60} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### 2. No Genuine Issues of Material Fact Exist

{¶61} Pursuant to the summary judgment standard of review, after the moving party identifies the portions of the record to establish there is no genuine issue of material fact, the nonmoving party has the burden to set forth specific facts to show triable facts exist. In this case, the Grutsches had the burden to show genuine issues of material fact exist for trial.

{¶62} The Grutsches did not file a response to Wells Fargo's motion for summary judgment on its foreclosure complaint. The trial court granted summary judgment in favor of Wells Fargo on September 16, 2014. The Grutsches filed a motion for relief from that judgment. Based on our analysis above, we determined the trial court did not abuse its discretion when it denied the Grutsches' motion for relief from judgment. In doing so, we considered the alleged meritorious defenses to Wells Fargo's claim in foreclosure and found they failed to establish that the September 16, 2014 judgment should be vacated.

{¶63} Accordingly, we consider the motion for summary judgment by Wells Fargo without a response from the Grutsches. We conclude that Wells Fargo met its burden under Civ.R. 56 to demonstrate there is no dispute of material fact and that, construing the evidence most favorably to the Grutsches, reasonable minds can come to but one conclusion, that Wells Fargo is entitled to judgment against the Grutsches. The Grutsches failed to meet their reciprocal burden of presenting competent evidence under Civ.R. 56(E) setting forth specific facts showing that there is a genuine issue of fact for trial.

{¶64} The sole Assignment of Error by the Grutsches as to the September 16, 2014 judgment entry is overruled.

## IV. CONCLUSION

{¶65} The September 16, 2014 and the April 28, 2015 judgment entries of the

Delaware County Court of Common Pleas are affirmed.

By:  Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.