[Cite as *Merritt v. Sanbar, L.L.C.*, 2022-Ohio-2344.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KAREN MERRITT | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case Nos. 2021 CA 00029 &<br>2022 CA 00005 |
| SANBAR, LLC | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Fairfield County Court of
                              Common Pleas, Case No. 2021CV220


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       July 5, 2022


APPEARANCES:


For Plaintiff-Appellant              For Defendant-Appellee

BRUCE M. BROYLES                     JEFF J. SPANGLER
134 N. Columbus Street               Dagger, Johnston, Miller, Ogilvie &
Lancaster, Ohio 43130                Hampson, LLP
                                     144 East Main Street
                                     P.O. Box 667
                                     Lancaster, Ohio 43130

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Karen Merritt appeals the judgment entered by the Fairfield County Common Pleas Court dismissing her complaint for specific performance of a contract for the sale of real estate against Sanbar, LLC (Case No. 2021 CA 00029) and the judgment overruling her motion for Civ. R. 60(B) relief (Case No. 2022 CA 00005).

STATEMENT OF THE FACTS AND CASE

**{¶2}** Starting in 2014, Appellant leased a residence located in Lancaster, Ohio, from Appellee. The lease was due to renew on May 31, 2021.

**{¶3}** In February of 2021, Appellant approached Appellee and offered to purchase the residence for $168,000. Appellee responded by letter dated February 26, 2021, which provided in pertinent part:

> I know that you have expressed an interest in purchasing the property and we would be happy to have you purchase it. We would be willing to sell Mondhank at a purchase price of $175,000, on an "as is" basis. Our offer would include providing an owner's title insurance policy.
>
> If you would like to proceed with the purchase, please provide us with a lender qualification letter indicating your approval for a purchase price up to $175,000, subject to a property appraisal. Once received we will prepare

a written purchase agreement for your review and signature.  The closing date must happen on or before May 31, 2021.

Should you choose not to proceed with the purchase of this property, please recognize that your current lease expires on May 31, 2021. Therefore, this letter also serves as a notice to terminate your lease effective May 31, 2021 and to vacate the property by said date.  As a convenience to you, should you choose to vacate the property prior to the end of your current lease, we will consider releasing you from your lease as early as April 30, 2021.

Hopefully, we can get the purchase put together for our mutual benefit.

**{¶4}** On February 26, 2021, Appellant was approved for a mortgage line of credit in the amount of $175,000.  However, she did not receive the lender qualification letter until April 9, 2021.  She forwarded the letter to Appellee for review.  In response, Appellee sent Appellant an unsigned Real Estate Purchase Contract for Appellant's signature and review.  Neither party ultimately executed the written purchase agreement.  Prior to signing, Appellee notified Appellant it was withdrawing its offer to sell her the property in

order to "complete a renovation and sell at a much higher price."  Barker Letter, April 20, 2021.

{¶5}    Appellant filed the instant action seeking specific performance of the sale in the Fairfield County Common Pleas Court.  Appellee moved to dismiss the complaint pursuant to Civ. R. 12(B)(6) for failure to state a claim on which relief can be granted.

{¶6}    The trial court granted the motion to dismiss, finding: (1) the parties never entered a legally binding contract, (2) Appellant did not provide evidence she accepted Appellee's written offer to sell prior to said offer being revoked, and (3) Appellant failed to allege any facts which demonstrated she detrimentally altered her position in a way such as to constitute partial performance sufficient to establish an exception to the Statute of Frauds.

{¶7}    It is from the August 31, 2021 judgment of the trial court Appellant prosecutes her appeal in case number 2021 CA 00029, assigning as error:


I.  THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT

FOR SPECIFIC PERFORMANCE FINDING THAT THE COMPLAINT DID

NOT ALLEGE THE EXISTENCE OF A LEGALLY BINDING AGREEMENT.

**{¶8}**  Appellant also filed a motion for relief from the August 31, 2021 judgment in the trial court pursuant to Civ. R. 60(B)(2), alleging newly discovered evidence.  Attached to her motion was a signed copy of the February 26, 2021 letter she received from Appellee.  The copy of the letter attached to her complaint for specific performance was not signed by Appellee.  On December 23, 2021 this Court stayed the appeal in case number 2021 CA 00029, and remanded this case to the trial court with instructions to rule on the Civ. R. 60(B) motion.

**{¶9}**  The trial court overruled the Civ. R. 60(B) motion.  The trial court found in its August 31, 2021 judgment, it considered Appellee's February 26, 2021 letter to be a valid offer, despite the fact it was unsigned.  The court noted its previous decision dismissed the complaint not because of the lack of signature on the February 26, 2021, letter, but because the real estate purchase agreement was never signed.  The trial court held even considering the newly discovered evidence, the bottom line remained the same: the parties never executed an enforceable written contract for the sale of the property.  It is from the January 4, 2022 judgment of the trial court Appellant prosecutes her appeal in case number 2022 CA 00005, assigning as error:

I.  THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR RELIEF FROM JUDGMENT.

II.  THE TRIAL COURT ERRED IN DENYING THE MOTION FOR

RELIEF FROM JUDGMENT WITHOUT CONDUCTING AN EVIDENTIARY

HEARING.

{¶10}  This Court sua sponte consolidated the appeals for purposes of merit review only.

{¶11}  We first address Appellant's assignment of error in case number 2021 CA 00029.

I.

{¶12}  In her first assignment of error, Appellant argues the trial court erred in dismissing her case pursuant to Appellee's Civ. R. 12(B)(6) motion.  Specifically, she argues the February 26, 2021 letter sent to her by Appellee constituted a valid and binding contract, which satisfied the Statute of Frauds.  She argues the trial court erred in focusing on her arguments concerning part performance and the revocation of the April 9, 2021 purchase agreement before it was signed, as the February letter constituted a valid contract for sale of the property.

{¶13} When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, our standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44,

¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), *citing Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). In considering a motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). However, where documents are attached or incorporated into the complaint, the face of the complaint to be evaluated includes those documents, and may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion. *Johnson v. Baker*, 5th Dist. Stark No. 2017CA00202, 2018-Ohio-617, ¶ 12,

{¶14} "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Minster Farmers Coop. Exchange Co., Inc. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 28, *quoting Perlmuter Printing Co. v. Strome, Inc.,* 436 F.Supp. 409, 414 (N.D.Ohio 1976); *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16. The parties must have a "meeting of the minds" as to the essential terms of the

contract in order to enforce the contract. *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991).

{¶15}  Additionally, in Ohio agreements for the sale of real estate come within the statute of frauds and must be in writing and signed by the party to be charged. *See Shimko v. Marks*, 91 Ohio App.3d 458, 461, 632 N.E.2d 990 (5th Dist. Stark 1993). R.C. 1335.05, which codifies the statute of frauds, provides in pertinent part:

No action shall be brought whereby to charge the defendant *** upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, *** unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

{¶16}  "Any signed memorandum is sufficient to satisfy the Statute of Frauds so long as it (1) identifies the subject matter of the agreement, (2) establishes that a contract has been made, and (3) states the essential terms with reasonable certainty." *Lamkin v. First Community Bank*, 10th Dist. Franklin No. 00AP-935, 2001 WL 300732, *9.

{¶17} The copy of the February 26, 2021 letter attached to the complaint was not signed by Appellee. Therefore, we find the trial court did not err in finding this letter did not satisfy the Statute of Frauds, and did not form the basis of a contract enforceable through an action for specific performance.

{¶18} Appellant's sole assignment of error in case number 2021 CA 00029 is overruled.

{¶19} We next turn to Appellant's assignments of error in case number 2022 CA 00005.

I.

{¶20} In her first assignment of error, Appellant argues the trial court erred in failing to find the signed copy of the February 26, 2021 letter, which she attached to her motion bfor Civ. R. 60(B) relief from judgment, constituted a valid and enforceable contract for the sale of the real estate in question.

{¶21} In *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 150–151, 351 N.E.2d 113 (1976), the Ohio Supreme Court set forth the factors necessary to recover under Civ.R. 60(B). "[T]he movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more

than one year after the judgment, order or proceeding was entered or taken." Where any one of the foregoing requirements is not satisfied, Civ.R. 60(B) relief is improper. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 1996–Ohio–54, 666 N.E.2d 1134. "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶22} As discussed above, any signed memorandum is sufficient to satisfy the Statute of Frauds if it (1) identifies the subject matter of the agreement, (2) establishes that a contract has been made, and (3) states the essential terms with reasonable certainty." *Lamkin, supra.*

{¶23} In *Riolo v. Oakwood Plaza Ltd.*, 9th Dist. Lorain No. 04CA008555, the parties to the action signed an agreement, which outlined in broad terms the Appellant's intention to purchase real estate from Appellees for $1,000,000. The agreement contemplated the parties would reach a formal agreement before a specified date. Appellant delivered a purchase agreement to Appellees in an attempt to finalize the sale. However, Appellees refused to sign the purchase agreement. Appellant then filed an action for breach of contract, arguing the signed letter of intent between the parties was sufficiently definite as to be enforced by the court.

**{¶24}** The Ninth District Court of Appeals found the letter did not create an enforceable contract for sale of the real estate. The court first noted the document Appellant was attempting to enforce was entitled "letter of intent," not "agreement to sell real estate," which was the title of the subsequent purchase agreement Appellees refused to sign. *Id.* at ¶9. The court also noted the express language of the letter contemplated a later formal agreement between the parties, contemplated the purchase might not take place, and was signed by Appellant as "prospective" buyer. *Id.* The letter omitted essential terms of the agreement, such as the down payment and the financing terms, and the language of the letter made the eventual purchase subject to financing and completion of a proper due diligence acceptable to the buyer. *Id.* at 10.

**{¶25}** In the instant case, the letter from Appellee to Appellant includes a subject line which says, "lease agreement," and does not reference sale of the property. Similar to the letter of intention in *Riolo*, the purchase was conditioned on Appellant providing Appellee with a lender qualification letter indicating her approval for a purchase price of $175,000, and was further made subject to a property appraisal. The letter specifically stated Appellee would put together a written purchase agreement only after receipt of Appellant's qualification letter. In the conclusion of the letter, Appellee expresses a desire to "get the purchase put together for our mutual benefit." The terms of the letter clearly and unambiguously contemplate a further written purchase agreement will be entered

detailing the terms of the sale after Appellant has provided notice of her intention to purchase the property and a lender qualification letter.  We find the letter constitutes an intention to sell, and not an actual sale, and the trial court therefore did not abuse its discretion in overruling Appellant's motion for relief from judgment.

**{¶26}** The first assignment of error is overruled.

II.

**{¶27}** In her second assignment of error, Appellant argues the trial court erred in failing to grant an evidentiary hearing on her motion for relief from judgment.

**{¶28}** A movant for Civ. R. 60(B) must submit factual material with her motion which demonstrates grounds which, if true, would constitute a defense to the action. See Matson v. *Marks*, 32 Ohio App.2d 319, 327, 291 N.E.2d 491 (1972); *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103, 316 N.E.2d 469 (1974). As in a summary judgment proceeding, the movant must support her claim of a defense with evidence of at least affidavit quality. *East Ohio Gas v. Walker*, 59 Ohio App.2d 216, 220, 394 N.E.2d 348 (1978). Where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for evidentiary hearing. *BancOhio Natl. Bank v. Schiesswohl*, 51 Ohio App.3d 130, 554 N.E.2d 1362, syllabus 1 (1988).

**{¶29}** In the instant case, the legal issue is whether the February 26, 2021 letter constituted an enforceable contract for the sale of the property in question in compliance with the statute of frauds.  While both parties submitted affidavits concerning the events which surrounded the sale, we find the document itself did not comply with the statute of frauds, and Appellant therefore was not entitled to an evidentiary hearing on her motion.

**{¶30}** The second assignment of error is overruled.

**{¶31}** The judgment of the Fairfield County Common Pleas Court is affirmed.


By: Hoffman, J.
Gwin, P.J.  and
Baldwin, J. concur