[Cite as *RHDK Oil & Gas, L.L.C. v. Willowbrook Coal Co.*, 2024-Ohio-1134.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RHDK OIL & GAS, LLC DBA RED HILL DEVELOPMENT, ET AL. | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiffs-Appellees | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2023 AP 06 0038 |
| | : | |
| WILLOWBROOK COAL COMPANY, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2017 CV 05 0329

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      March 25, 2024

APPEARANCES:

For Plaintiffs-Appellees:

DAVID E. BUTZ
MATTHEW W. ONEST
4775 Munson St. NW
P.O. Box 36963
Canton, OH 44735-6963

NATHAN D. VAUGHAN
3596 State Route 39 NW
Dover, OH 44622

For Defendants-Appellants:

THOMAS A. YOUNG
41 S. High St., 29th Floor
Columbus, OH 43215-6194

SEAN E. JACOBS
1 Easton Oval, Suite 340
Columbus, OH 43219

JEFFREY T. WITSCHEY
BETSY L. BARE-HARTSCHUH
405 Rothrock Road, Suite 103
Akron, OH 44321

*Delaney, J.*

{¶1} Defendants/Counterclaim Plaintiffs-Appellants appeal the June 14, 2023 judgment entry of the Tuscarawas County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} The facts and procedural history come in part from our previous decision in *RHDK Oil & Gas, LLC v. Willowbrook Coal Company*, 5th Dist. Tuscarawas No. 2020 AP 08 0017, 2021-Ohio-1362 ("*RHDK I*").

{¶3} Plaintiffs/Counterclaim Defendants-Appellees are Gary D. Kimble, Eric S. Kimble, Jo Elaine Mako, Keith Kimble, Gregory W. Kimble, Doris J. Kimble, RHDK Investments, LLC, Kimble Company, Jem Ori, LLC, Esk Ori, LLC, Gdk Ori, LLC, Gwk Ori, LLC and Kbd Ori, LLC and RHDK Oil & Gas, LLC d.b.a. Red Hill Development (hereinafter "RHDK"). Defendants/Counterclaim Plaintiffs-Appellants are Willowbrook Coal Company, William Deadman, Roxanna Deadman, Brenda Neal, Andrew Carrick, and Frank H. Gorskey, II (hereinafter "Willowbrook").

{¶4} *RHDK I* and the present appeal arose from efforts of some of the parties, in 1977, to start a joint venture in the development of oil and gas leases in Tuscarawas and Coshocton County. RHDK owned and operated pipelines and wells on Willowbrook properties. The precise details of the changes in the relationships, parties, and the documentation of the interests of the parties is unnecessary for the resolution of this appeal, except to note that at some time, the parties disagreed on the description of their interests in the relevant properties. In 2014, RHDK filed its first complaint seeking resolution of the dispute. That complaint was dismissed on May 10, 2017, amended, and refiled in Case No. 2017 CV 05 0329.

{¶5} The parties engaged in extensive discovery and pleading practice up to the settlement of the civil action through a mediation completed in March 2019. The parties memorialized the settlement in two documents captioned "Memorandum of Settlement Agreement" (hereinafter "MSA") and "Settlement in Principal" (hereinafter "SIP"). The MSA contained terms of the settlement agreement and incorporated additional information from the SIP. The parties recognized that additional documentation would be necessary to complete the settlement, so they included paragraph sixteen in the MSA:

> The parties will cooperate in drafting and executing a comprehensive settlement agreement and other documents necessary to effectuate the settlement.

These "other documents" included transfers of various interests in minerals, primarily oil and gas, as well as issues involving rights-of-way, leases, royalties, and taxes. The parties also included a provision in the MSA that would permit them to seek a judicial resolution of disputes regarding those "other documents":

> The parties will endeavor to have the Court retain jurisdiction over this case to enforce the this (SIC) memorandum and the comprehensive settlement agreement and any disputes arising under either agreement. Any disputes arising under the aforesaid shall be submitted to the Judge. (MSA ¶ 19.)

The parties accepted these documents as a full and final settlement binding on all parties and they notified the trial court of the status of the litigation.

{¶6} The trial court recognized "that extraordinary measures will be necessary to finalize the resolution/settlement of this litigation" but expected the parties to resolve the case expeditiously.

{¶7} The trial court monitored the status of the case and regularly requested progress reports from the parties. The parties represented that they exchanged proposed settlement documents on multiple occasions but were unable to resolve all disputes. After failing to reach an agreement upon all the issues necessary to complete the transactional documents to carry out the terms of the settlement, the parties agreed to meet for two days in January 2020 with the guidance of the mediator that assisted them in the completion of the MSA.

### The January 2020 Documents

{¶8} The result of the January 2020 meeting/mediation was disputed but the parties agreed that in order to finalize the settlement of the litigation through the MSA/SIP, the parties were required to draft documents. RHDK contended that the attorneys reviewed each disputed issue closely, drafted language that addressed all concerns and reached a final agreement regarding the necessary documents. RHDK drafted documents based upon the agreements reached by the attorneys and forwarded them to Willowbrook's counsel two days after the conclusion of the conference. Willowbrook viewed the January meeting differently and reported that they did not agree to any terms at the meeting. Instead, it described the outcome of the meeting as a proposal by RHDK's counsel that remained to be reviewed and considered by Willowbrook. The documents drafted by RHDK after the mediation, provided to Willowbrook, and disputed by Willowbrook were known as the "January 2020 Documents."

{¶9} In February 2020, the trial court ordered a status conference regarding progress toward the completion of documents necessary to carry out the settlement. On

June 2, 2020, RHDK filed a motion to enforce the settlement. RHDK moved the trial court to order that the January 2020 Documents were required to effectuate the MSA/SIP.

{¶10} The trial court conducted the Final Resolution Hearing via telephone on July 24, 2020 during which time the parties argued their position and offered exhibits in support of their contention. Neither party presented sworn testimony of witnesses. RHDK provided the trial court with the January 2020 Documents. Though rejected by Willowbrook, RHDK argued that January 2020 Documents represented an appropriate final resolution to all outstanding requirements. Willowbrook did not provide the trial court with an alternative, arguing that January 2020 Documents were inappropriate for several reasons and suggested that the parties could benefit from an additional sixty days to resolve the remaining disputes. Willowbrook described their objections to parts of the January 2020 Documents in their Hearing Brief and offered a color-coded exhibit at the hearing that highlighted language they disputed.

### The August 20, 2020 Judgment Entry

{¶11} On August 20, 2020, the trial court issued a judgment entry containing a thorough review of the proceedings leading to the hearing and noted that "any evidence presented by the parties at the hearing was considered by the Court only for purposes of filling in any gaps left by the MSA/SIP and not for purposes of varying any of the terms of the MSA and/or those portions of the SIP specifically incorporated into the MSA." (Judgment Entry, Aug. 20, 2020, p. 7).

{¶12} Willowbrook had filed a motion in limine to restrict testimony regarding the January 2020 mediation. The trial court noted in its judgment entry that it was "not considering any mediation communication for purposes of its determination of Plaintiffs'

Motion to Enforce Settlement," that it was making "no determination regarding whether counsel for the parties did or did not agree to the various provisions set forth in the January 2020 Documents" because "that issue [was] not determinative of the Court's ruling on Plaintiffs' Motion to Enforce Settlement." The trial court also decided that "for purposes of Plaintiffs' Motion to Enforce Settlement, the Court [would] not consider the January 2020 Documents as being agreed to by Defendants or their counsel in January 2020 or at any other time." (August 20, 2020 Judgment Entry, p. 8).

{¶13} The trial court found the MSA/SIP was a valid enforceable settlement agreement containing the essential terms of the parties' settlement and that it had jurisdiction to enforce the terms of the parties' agreement as requested by RHDK.

{¶14} The trial court next found that RHDK had submitted the January 2020 Documents and requested that the documents be adopted by the trial court as the documents necessary to complete the settlement. The trial court noted that Willowbrook did not provide an alternative set of documents, but instead suggested that the parties be provided an additional sixty days to negotiate. The trial court rejected Willowbrook's suggestion, finding "that it is unlikely that the parties will be able to reach such an agreement in the next sixty days." (August 20, 2020 Judgment Entry, p. 4).

{¶15} The trial court reviewed the MSA/SIP and found that the January 2020 Documents appropriately filled the gaps left by the MSA/SIP, that they were not inconsistent with the parties' settlement agreement, did not contradict the settlement agreement and that those documents, together with the MSA/SIP reach a fair and just resolution of the issues in the case. The trial court did find that it was necessary to amend the January 2020 Documents "to remove the provisions requiring defendants to pay

certain ad valorem, production, severance and other taxes related to the Group 3 Leases unless those taxes are specifically imposed upon them." (August 20, 2020 Judgment Entry, p. 19). Of major importance to this current appeal, the August 20, 2020 Judgment Entry ordered the parties to execute the January 2020 Documents on or before September 16, 2020 and submit to them to opposing counsel on or before September 18, 2020 and that all transfers shall be submitted to the appropriate county recorder's office on or before September 23, 2020.

{¶16} The trial court did not address Willowbrook's specific objections to the January 2020 Documents set out in its Hearing Brief, nor did it include an analysis of the color-coded exhibit offered by Willowbrook. Instead, it issued a general holding in favor of RHDK. Willowbrook did not request more detailed findings of fact or conclusions of law from the trial court.

### RHDK I

{¶17} Willowbrook appealed the August 20, 2020 judgment entry to this Court in *RHDK Oil & Gas, LLC v. Willowbrook Coal Company*, 5th Dist. Tuscarawas No. 2020 AP 08 0017, 2021-Ohio-1362. We overruled Willowbrook's sole assignment of error and affirmed the judgment of the trial court, finding it did not abuse its discretion when it determined the January 2020 Documents, as modified by the August 20, 2020 Judgment Entry, satisfied the requirement of the MSA/SIP to draft documents to give effect to its terms. *RHDK I*, 2021-Ohio-1362, ¶ 54.

{¶18} Willowbrook filed a Memorandum of Jurisdiction with the Ohio Supreme Court seeking a discretionary appeal of our decision, but the Court declined jurisdiction in *RHDK Oil & Gas, LLC. V. Willowbrook Coal Co.*, 164 Ohio St.3d 1448, 2021-Ohio-

3336, 173 N.E.3d 1242. The Supreme Court denied a motion for reconsideration in *RHDK Oil & Gas, LLC. V. Willowbrook Coal Co.*, 165 Ohio St.3d 1481, 2021-Ohio-4289, 177 N.E.3d 1006.

### Continued Negotiations

{¶19} While the matter was pending before the Ohio Supreme Court, the parties continued exchanging documentation to move towards completing the settlement. In November 2021, RHDK submitted the January 2020 Documents and additional documentation to Willowbrook in order to effectuate the August 20, 2020 Judgment Entry ("November 2021 Documents"). A dispute arose in 2022 thereby disrupting the parties' finalization of the Settlement and Release Agreement pursuant to the August 20, 2020 Judgment Entry. We hereinafter refer to the dispute, which is the main subject of this appeal, as "the 2022 Pipeline Operations."

{¶20} For brevity, we provide a simplistic summary of "the 2022 Pipeline Operations." After years of negotiations and litigation, there remained a few disputed Willowbrook parcels of land where RHDK pipelines were located. Willowbrook allegedly refused to grant RHDK easements to the disputed parcels. RHDK moved the pipelines from the disputed parcels of land. Willowbrook became aware of the pipeline removal in May 2022. Willowbrook claimed RHDK's unauthorized removal of the pipelines damaged its parcels of land.

### Competing Civ.R. 70 Motions

{¶21} On July 19, 2022, RHDK filed a Civ.R. 70 Motion with the trial court, requesting the trial court order Willowbrook to execute the settlement documents sent to Willowbrook on July 5, 2022. On August 2, 2022, Willowbrook filed its opposition to

RHDK's Civ.R. 70 motion and filed its own Civ.R. 70 motion. It moved the trial court to order RHDK to execute Willowbrook's corrected July 5, 2022 documents. Willowbrook's corrected July 5, 2022 documents included non-substantive changes (such as typographical errors) and a substantive change to the general release language contained in Settlement and Release Agreement. Willowbrook claimed the substantive change in the general release language was related to the 2022 Pipeline Operations, which occurred after the parties signed the MSA on March 28, 2019. Willowbrook contended the general release language in RHDK's July 5, 2022 documents contained broad language in which Willowbrook would release RHDK from any claims "arising out of, by reason of or in any way connected to the Lawsuit or the Parties' relationship concerning the oil and gas business conducted or which could have been conducted and/or participated in together by the Parties prior to the Effective Date." Willowbrook argued that language would prohibit it from pursuing any legal remedies to address the 2022 Pipeline Operations. Willowbrook's corrected July 5, 2022 documents proposed additional language to preserve its claims based on the 2022 Pipeline Operations.

{¶22} In its response to RHDK's Civ.R. 70 motion, Willowbrook attached the reports of Paul Pullins, who inspected the allegedly damaged parcels of land and made reports of the damage based on the 2022 Pipeline Operations. (Defendants' Memorandum in Opposition to Plaintiffs' July 19, 2022 Civ.R. 70 Motion, August 2, 2022, Exhibits I, J, K, L, M). Willowbrook also attached photographs of the allegedly damaged parcels of land. In its August 23, 2022 reply to its Civ.R. 70 motion, Willowbrook attached the August 19, 2022 affidavit of Paul Pullins, which spoke to the Exhibits I through M

attached to Willowbrook's memorandum in opposition filed on August 2, 2022. (Exhibit A).

**Willowbrook's Motion for Relief from the August 20, 2020 Judgment**

{¶23} On August 23, 2022, Willowbrook filed a Motion for Relief from the August 20, 2020 Judgment pursuant to Civ.R. 60(B)(4) and 60(B)(5). Willowbrook characterizes the motion for relief from judgment as seeking the same relief as its Civ.R. 70 motion. (Willowbrook Appellate Brief, p. 6). It moved the trial court for an order relieving it of the requirement to sign the Settlement and Release Agreement adopted by the trial court in its August 20, 2020 Judgment Entry unless the fifth and sixth Recitals and general release language of the January 2020 Documents were modified. It argued the motion should be granted because "it was not equitable for the release language contained in the January 2020 Settlement Agreement to bar claims that Defendants have or may have in the future against Plaintiffs" arising out of the 2022 Pipeline Operations. The only exhibit attached to the Civ.R. 60(B) motion was Willowbrook's proposed changes to the July 5, 2022 documents. (Exhibit A). Willowbrook referenced its August 2, 2022 Civ.R. 70 motion and its August 23, 2022 reply to the Civ.R. 70 motion.

{¶24} RHDK filed its response to the Civ.R. 60(B) motion. The response set forth multiple reasons why the trial court should deny the motion. It first argued that Willowbrook was not entitled to an evidentiary hearing on its Civ.R. 60(B) motion because it failed to set forth operative facts of a meritorious claim or defense of at least affidavit quality to the August 20, 2020 Judgment Entry. Willowbrook could not obviate the rule by referring to exhibits it attached to its Civ.R. 70 motion. It then disputed the 2022 Pipeline Operations were unauthorized based on the March 2019 settlement. RHDK claimed that

it offered to repair the alleged damage, but Willowbrook would not permit the repairs. It next argued that the relief Willowbrook sought was contained within the indemnity provision of the RHDK July 5, 2022 Documents.

{¶25} Willowbrook provided its reply to its Civ.R. 60(B) motion on September 12, 2022. Willowbrook argued it had demonstrated a meritorious defense because it was undisputed that RHDK engaged in the 2022 Pipeline Operations. It had presented evidence of the damage caused by the 2022 Pipeline Operations through the August 19, 2022 affidavit of Paul Pullins and his reports, albeit attached to the reply of a previously filed motion. In a footnote, Willowbrook argued the trial court could consider the previously filed affidavit and reports as evidentiary material in support of its motion for relief from judgment. (Reply of Defendant/Counterclaim Plaintiffs to Plaintiffs/Counterclaim Defendants' Response in Opposition to Defendants/Counterclaim Plaintiffs' Civ.R. 60(B)(4) and (5) Motion, September 12, 2022, fn. 3). Willowbrook refuted RHDK's claims that the 2022 Pipeline Operation was authorized and that it had a remedy through indemnification. Pursuant to Civ.R. 60(B), Willowbrook claimed the 2022 Pipeline Operations were unforeseeable when it was bound by the terms of the August 20, 2020 Judgment Entry and it would be harmed if the judgment entry was not vacated as to the general release language of the Settlement and Release Agreement.

{¶26} On September 12, 2022, the trial court held a hearing on the parties' competing Civ.R. 70 motions. The trial court did not consider the pending Civ.R. 60(B) motion.

{¶27} On March 30, 2023, Willowbrook filed the March 20, 2023 affidavit of Paul Pullins. The affidavit averred that Paul Pullins had reinspected the alleged damaged

parcels in December 2022 and prepared a report on his findings. The affidavit appeared to be filed in support of Willowbrook's pending Civ.R. 60(B) motion. RHDK filed a motion to strike the affidavit as untimely filed pursuant to Civ.R. 6(C)(1), Civ.R. 26(B)(7)(c), and Loc.R. 4.05 of the Tuscarawas County Court of Common Pleas, General Division. Willowbrook filed a memorandum in opposition on April 12, 2023.

{¶28} The trial court held a status hearing on April 21, 2023 in order to bring some clarity to the language of the Settlement and Release Agreement. No resolution was reached.

### The June 14, 2023 Judgment Entry

{¶29} The trial court issued its judgment entry on June 14, 2023, resolving the four pending matters: (1) RHDK's Civ.R. 70 motion; (2) Willowbrook's Civ.R. 70 motion; (3) Willowbrook's Civ.R. 60(B) motion; and (4) RHDK's motion to strike the March 30, 2023 affidavit of Paul Pullins.

{¶30} The trial court first addressed the parties' Civ.R. 70 motions. It noted the August 20, 2020 Judgment Entry ordered the parties to adopt the January 2020 Documents as the documents that the parties must complete and execute to effectuate the terms of the MSA, with some modifications and/or additions set forth in the August 20, 2020 Judgment Entry. This Court affirmed the August 20, 2020 Judgment Entry in *RHDK I* and the Ohio Supreme Court declined jurisdiction over the matter. We quote the trial court's deft conclusion of an over six-year litigation of January 2020 Documents, November 2021 Documents, and July 5, 2022 Documents:

> The Court FINDS that both Plaintiffs and Defendants are requesting an
> Order directing the respective parties to sign a settlement and release

agreement along with ancillary documents. The Court FINDS that the settlement and release agreement along with the ancillary documents set forth by the Plaintiffs with the non-substantive changes requested by Defendants reflects the documents contemplated by this Court in its August 2020 Judgment Entry and FINDS that they should be executed by all parties herein.

(June 14, 2023 Judgment Entry, p. 10). The trial court granted RHDK's Civ.R. 70 motion to order Willowbrook to sign the Settlement and Release Agreement with the July 5, 2022 Documents (with the non-substantive changes recommended by Willowbrook) and denied Willowbrook's Civ.R. 70 motion to order RHDK to sign its corrected July 5, 2022 Documents with the substantive change to the general release statement.

{¶31} The trial court next addressed Willowbrook's motion for relief from the August 20, 2020 Judgment Entry. The trial court found that Willowbrook was not entitled to an evidentiary hearing because the motion and supporting evidence did not contain sufficient allegations of operative facts to support Willowbrook's meritorious claims and/or defenses to the August 20, 2020 Judgment Entry. The trial court then determined that Willowbrook failed to meet the elements for relief from judgment pursuant to Civ.R. 60(B)(4) and 60(B)(5).

{¶32} The trial court denied RHDK's motion to strike the affidavit of Paul Pullins.

{¶33} Finally, the trial court ordered that the parties fully execute the Settlement and Release Agreement and ancillary/transactional documents (found in Exhibit 1 to RHDK's post-hearing brief regarding the settlement agreement) unless mutually modified on or before June 30, 2023. Pursuant to Civ.R. 70, RHDK was to authorize an individual

of its choosing to execute all necessary documents should Willowbrook fail or refuse to sign the documents on or before June 30, 2023.

{¶34} It is from this June 14, 2023 judgment entry that Willowbrook now appeals.

## ASSIGNMENTS OF ERROR

{¶35} Willowbrook raises six Assignments of Error:

I. THE TRIAL COURT ERRED IN DENYING DEFENDANTS' CIV.R. 60(B) MOTION (DOCKET NO. 384) ON THE GROUNDS THAT DEFENDANTS FAILED TO ALLEGE FACTS WHICH WOULD SUPPORT A FINDING THAT DEFENDANTS HAD A MERITORIOUS CLAIM TO PRESENT IF DEFENDANTS' CIV.R. 60(B) MOTION WERE GRANTED. THIS ERROR OCCURRED ON PAGES 11 AND 13 OF THE TRIAL COURT'S JUNE 14, 2023 JUDGMENT ENTRY (DOCKET NO. 410). A COPY OF THE JUNE 14, 2023 JUDGMENT ENTRY IS ATTACHED HERETO AS EXHIBIT A.

II. THE TRIAL COURT ERRED IN DENYING DEFENDANTS' CIV.R. 60(B) MOTION ON THE GROUNDS DEFENDANTS FAILED TO ESTABLISH THAT THEY ARE ENTITLED TO RELIEF UNDER CIV.R. 60(B)(4) OR CIV.R. 60(B)(5). THIS ERROR OCCURRED ON PAGES 11 AND 13 OF THE JUNE 14, 2023 JUDGMENT ENTRY.

III. THE TRIAL COURT ERRED IN DENYING DEFENDANTS' CIV.R. 60(B) MOTION WITHOUT CONDUCTING AN EVIDENTIARY HEARING. THIS ERROR OCCURRED ON PAGES 9-10, 11 AND 13 OF THE JUNE 14, 2023 JUDGMENT ENTRY.

IV. THE TRIAL COURT ERRED IN GRANTING PLAINTIFFS' CIV.R. 70 MOTION FILED ON JULY 19, 2022 (DOCKET NO. 371). THIS ERROR OCCURRED ON PAGE 12 OF THE JUNE 14, 2023 JUDGMENT ENTRY.

V. THE TRIAL COURT ERRED IN ORDERING THAT THE PARTIES EXECUTE ALL DOCUMENTS ON OR BEFORE JUNE 30, 2023. THIS ERROR OCCURRED ON PAGE 13 OF THE JUNE 14, 2023 JUDGMENT ENTRY.

VI. THE TRIAL COURT ERRED IN ORDERING THAT IF DEFENDANTS FAILED TO EXECUTE ALL DOCUMENTS ON OR BEFORE JUNE 30, 2023, PLAINTIFFS WERE AUTHORIZED TO DESIGNATE A PERSON OF THEIR CHOOSING TO EXECUTE ALL SUCH DOCUMENTS. THIS ERROR OCCURRED ON PAGE 13 OF THE JUNE 14, 2023 JUDGMENT ENTRY.

## ANALYSIS

### I., II., and III.

{¶36} We consider Willowbrook's first, second, and third Assignments together because they are interrelated. Willowbrook contends the trial court abused its discretion when it denied its motion for relief from the August 20, 2020 Judgment Entry. We disagree.

{¶37} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). To find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v.*

*Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Willowbrook bases its motion on Civ.R. 60(B)(4) and 60(B)(5). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

### Reasonable Time

{¶38} The Tenth District Court of Appeals explained the timeliness of the Civ.R. 60(B) motion:

> With respect to the timeliness of a motion, Civ.R. 60(B) incorporates a two-part standard. For relief under Civ.R. 60(B)(1), (2) or (3), the movant must seek relief "within a reasonable time, and * * * not more than one year after the judgment." Relief under Civ.R. 60 (B)(4) and (5) is not subject to the one-year limitation, but must still be sought within a reasonable time. This court has stated that "[j]ust because a Civ.R. 60(B) motion is filed within one year of the underlying judgment does not mean the motion was filed within a reasonable time." *GMAC Mtge. v. Lee*, 10th Dist. No. 11AP-796, 2012-Ohio-1157, [2012 WL 949951], ¶ 21, citing *EMC Mtge. Corp. v. Pratt*, 10th

Dist. No. 07AP-214, 2007-Ohio-4669, [2007 WL 2634372], ¶ 8, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 106 [316 N.E.2d 469] (8th Dist. 1974). "The relief provided by Civ.R. 60(B) is equitable in nature, and a party must act diligently to be entitled to it." *Id.* at ¶ 23, citing *Morris v. Grubb*, 2d Dist. No. 15177, [1996 WL 132202] (Mar. 8, 1996). "Failure to seek relief from judgment for a substantial period of time after the movant is aware of the grounds for relief demonstrates a lack of due diligence." *Id.*, citing *Morris*.

*J.N. v. L.A.*, 2022-Ohio-974, 186 N.E.3d 350, ¶ 31 (5th Dist.) quoting *Yaklevich v. Dinneen*, 10th Dist. Franklin No. 20AP-322, 2021-Ohio-4531, 2021 WL 6087621, ¶ 9.

{¶39} The judgment from which Willowbrook sought relief in 2022 was issued on August 20, 2020. As Willowbrook brought its motion for relief from judgment pursuant to Civ.R. 60(B)(4) and 60(B)(5), its motion was not subject to the one-year limitation. RHDK did not contend in its memorandum in opposition that Willowbrook's motion for relief from judgment was not sought in a reasonable time.

**No Evidence of a Meritorious Claim, No Evidentiary Hearing**

{¶40} Willowbrook contends the trial court erred in denying its motion for relief from judgment without first conducting an evidentiary hearing. The Supreme Court of Ohio addressed the standard for obtaining a hearing in *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102 (1996):

Appellant initially contends that the trial court erred in denying its motion for relief from judgment without first conducting an evidentiary hearing. This issue was discussed in *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, 5

OBR 73, 76–77, 448 N.E.2d 809, 812. In *Coulson*, this court adopted the following rule set forth in *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, 68 O.O.2d 251, 255, 316 N.E.2d 469, 476: "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion."

*Stollar v. TRST, LLC*, 5th Dist. Fairfield No. 2019 CA 00051, 2020-Ohio-3041, 2020 WL 2563420, ¶ 23.

{¶41} The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v. Cardio Clinic of Stark County, Inc.*, 5th Dist. Stark No. CA–8553, 1991 WL 242070 (Oct. 21, 1991). *Wells Fargo Bank v. Grutsch*, 5th Dist. Delaware No. 14 CAE 100067, 2015-Ohio-4721, 2015 WL 7153760, ¶ 53; *NationStar Mtge., L.L.C. v. Purnell*, 5th Dist. Fairfield No. 13–CA–74, 2014–Ohio–2824, ¶ 8. In *Cogswell*, this Court held under Civ.R. 60(B) that a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A movant for Civ. R. 60(B) must submit factual material with its motion which demonstrates grounds which, if true, would constitute a defense to the action. *Merritt v. Sanbar*, *LLC*, 5th Dist. Fairfield No. 2021 CA 00029, 2022-Ohio-2344, 2022 WL 2444466, ¶ 28 citing *Matson v. Marks*, 32 Ohio App.2d 319, 327, 291 N.E.2d 491 (1972); *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103, 316 N.E.2d 469 (1974). A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts, which would support

a meritorious defense to the judgment. *Cogswell; BancOhio National Bank v. Schiesswohl*, 51 Ohio App.3d 130, 554 N.E.2d 1362 (9th Dist.1988).

{¶42} In its June 14, 2023 judgment entry, the trial court stated it did not hold an evidentiary hearing because Willowbrook failed to meet the *Cogswell* standard to support its allegation of a meritorious claim with evidentiary quality affidavits. Willowbrook argues the trial court erred because it provided the trial court with factual information to support its claims. In its motion for relief from judgment, Willowbrook referred the trial court to the two affidavits of Paul Pullins. Willowbrook, however, did not attach the Paul Pullins affidavits to its motion for relief from judgment. Instead, Willowbrook instructed the trial court to look for the first Paul Pullins affidavit in its August 23, 2022 reply to its Civ.R. 70 motion where Willowbrook attached the August 19, 2022 affidavit of Paul Pullins. Willowbrook then filed a second Paul Pullins affidavit on March 20, 2023, which upon review of the filing, made no mention that the affidavit was being filed in support of Willowbrook's motion for relief from judgment.

{¶43} Willowbrook now asks this Court to revisit *Cogswell* and related case law to reconsider whether a movant is required to support the assertion that it has a meritorious claim or defense with affidavit-quality evidence. Based on the procedural history of this case, this Court declines to overturn years of precedence because Willowbrook failed to meet established case law as to what materials are necessary to support a Civ.R. 60(B) motion. This Court has consistently held that a trial court does not err in not holding an evidentiary hearing when there were no supportive affidavits containing allegations of operative fact that support a meritorious defense entitling appellant to an evidentiary hearing. *Stevens v. Stevens*, 5th Dist. Fairfield No. 16-CA-17, 2016-Ohio-7925, 2016 WL

6964184, ¶ 18 citing *Chase Home Finance, LLC v. Lindenmayer*, 5th Dist. Licking No. 15–CA–32, 016–Ohio–1202; *Capital One Bank (USA), N.A. v. King*, 5th Dist. Stark No.2014CA00232, 2015–Ohio–3600. As this Court has previously noted, "unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment." *Blaney v. Kerrigan*, 5th Dist. Fairfield No. 12–CA–86, 1986 WL 8646 (Aug. 4.1986), quoting *East Ohio Gas v. Walker*, 59 Ohio App.2d 216, 394 N.E.2d 348 (8th Dist.1978). In its motion for relief from judgment, Willowbrook did not provide the trial court with supportive affidavits containing allegations of operative fact that supported its alleged meritorious claims entitling it to an evidentiary hearing. There is no rule of law that requires the trial court to hunt through the record to find supporting evidence on behalf of the Civ.R. 60(B) movant. We find no abuse of discretion by the trial court in following established precedence as to the evidentiary standards for Civ.R. 60(B).

## Civ.R. 60(B)(4)

{¶44} In their motion for relief from judgment, Willowbrook argues it should be granted relief pursuant to Civ.R. 60(B)(4). The rule states that relief can be granted if, "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]" *Wells Fargo Bank v. Grutsch*, 5th Dist. Delaware No. 14 CAE 100067, 2015-Ohio-4721, 2015 WL 7153760, ¶ 32. Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *Jackson v. Jackson*, 5th Dist. Richland No. 12CA28, 2013-Ohio-3521, 2013 WL 4126923, ¶ 30 quoting *In re*

*Yates*, 4th Dist. Nos. 05CA19 and 05CA20, 2006–Ohio–2761, ¶ 20, quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 146, 493 N.E.2d 1353 (1986). The rule was not designed to relieve litigants of the consequences of their voluntary, deliberate choices. *Beaver Excavating Co. v. Twp. of Perry*, 5th Dist. Stark No. CA 8652, 1991 WL 302463 (Dec. 30, 1991), *2 citing *Knapp* at 145, 493 N.E.2d at 1357.

{¶45} Willowbrook contends it is entitled to relief from the August 20, 2020 Judgment Entry due to the intervening 2022 Pipeline Operations. It argues the August 20, 2020 Judgment Entry, which enforced the MSA/SIP and ordered the parties to sign the January 2020 Documents, is no longer equitable that the judgment should have prospective application. If Willowbrook signs the general release statement as stated in the January 2020 Documents and July 5, 2022 Documents, Willowbrook states it will be barred from seeking damages arising out of the 2022 Pipeline Operations.

{¶46} "On its face, the provisions of Civ.R. 60(B) apply only to relief from 'a final judgment, order, or proceeding.' In other words, the rule is directed to judicial acts, not acts by parties." *Carlson v. Cincinnati*, 1st Dist. Hamilton No. C-210238, 2022-Ohio-1513, 2022 WL 1439512, ¶ 24. RHDK and Willowbrook have been working together in the oil and gas industry since 1977. Since 2014, the parties have worked to unwind their joint venture in the oil and gas industry, culminating in negotiations that produced the MSA/SIP, the January 2020 Documents, the November 2021 Documents, and the July 5, 2022 Documents (which included Willowbrook's version). The parties and the attorneys in this case arguably know more about the oil and gas industry and their contractual relationship than any expert in the field. One attorney stated at a hearing that this matter was being heard before its third judge. For Willowbrook to argue that the 2022 Pipeline

Operations were completely unforeseeable, and it had no opportunity to control its 45-year contractual relationship with RHDK is disingenuous. We noted in *RHDK I*:

> [Willowbrook's] apparent reticence to disclose their ideal resolution of the dispute to the trial court is disturbing. While we have insufficient evidence to conclude that [Willowbrook was] not acting in good faith to reach an agreement, we can understand [RHDK's] concern that [Willowbrook was] invested in negotiations, but not settlement.

*RHDK I*, 2021-Ohio-1362, ¶ 31.

### Civ.R. 60(B)(5)

{¶47} Civ.R. 60(B)(5) allows the trial court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Maggiore v. Barensfeld*, 5th Dist. Stark No. 2011CA00180, 2012-Ohio-2909, 2012 WL 2415184, ¶ 35 citing *Dutton v. Potroos*, 5th Dist. Stark No. 2010CA00318, 2011-Ohio-3646, 2011 WL 3057612, at ¶ 49. It is reserved for "extraordinary and unusual case [s]," *Myers v. Myers*, 9th Dist. Summit No. 22393, 2005-Ohio-3800, 2005 WL 1763608, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment [.]" *Id.* It applies only where a more specific provision of Civ.R. 60(B) does not apply. *J.N. v. L.A.*, 2022-Ohio-974, 186 N.E.3d 350, ¶ 22 (5th Dist.) citing *Ogline v. Sam's Drug Mart, L.L.C.*, 5th Dist. Stark No. 2013 CA 00154, 2014-Ohio-2355, 2014 WL 2547765, ¶ 38 citing *Strack v. Pelton*, 70 Ohio St.3d 172, 637 N.E.2d 914 (1994). We do not find Willowbrook raised extraordinary circumstances requiring relief from the August 20, 2020 Judgment Entry.

{¶48} Civ.R. 60(B) is a procedural rule "requir[ing] the court to carefully consider the two conflicting principles of finality and perfection." *Carlson v. Cincinnati*, 1st Dist. Hamilton No. C-210238, 2022-Ohio-1513, 2022 WL 1439512, ¶ 23 quoting *Strack v. Pelton*, 70 Ohio St.3d 172, 175, 637 N.E.2d 914 (1994), citing *Knapp v. Knapp*, 24 Ohio St.3d 141, 144-145, 493 N.E.2d 1353 (1986). The trial court appropriately balanced the principles of finality and perfection by overruling Willowbrook's motion for relief from the August 20, 2020 Judgment Entry.

{¶49} Willowbrook's first, second, and third Assignments of Error are overruled.

**IV.**

{¶50} Willowbrook contends in its fourth Assignment of Error that the trial court erred in granting RHDK's Civ.R. 70 motion that the parties execute the Settlement and Release Agreement along with the ancillary documents set forth by RHDK with the non-substantive changes requested by Willowbrook.

{¶51} Civ.R. 70 provides, in pertinent part, that:

If a judgment directs a party to execute a conveyance of land, to transfer title or possession of personal property, to deliver deeds or other documents, or to perform any other specific act, and the party fails to comply within the time specified, the court may, where necessary, direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party.

{¶52} It is well-established that courts have inherent power to enforce their final judgments. *Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v.*

*Montgomery Cnty. Voiture No. 34 La Societe Des 40 Hommes Et 8 Chevaux*, 2nd Dist. Montgomery No. 29064, 2021-Ohio-2429, 2021 WL 3012068, ¶ 19 citing *Rieser v. Rieser*, 191 Ohio App.3d 616, 2010-Ohio-6227, 947 N.E.2d 222, ¶ 19 (2d Dist.); *City of Cleveland v. Laborers Internatl. Union Local 1099*, 2018-Ohio-161, 104 N.E.3d 890, ¶ 22 (8th Dist.); *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 27. Civ.R. 70 is a procedural rule "intended to provide as easy and effective method as possible to carry out a court order for conveyance of land, property or performance of another specific act." *Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux*, 2021-Ohio-2429, ¶ 19 citing Civ. R. 70, 1970 Staff Note.

{¶53} The Second District Court of Appeals provided a succinct explanation of when Civ.R. 70 is appropriately utilized by the trial court:

"Civ.R. 70 gives a trial court the authority to enforce a previous court order that required a specific act to be performed." *Alexander v. Urban Communications Television Inc.*, 2d Dist. Montgomery No. 18696, 2001 WL 896945, *2 (Aug. 10, 2001), citing *Tessler v. Ayer*, 108 Ohio App.3d 47, 52, 669 N.E.2d 891, 895 (1st Dist.1995). The rule, which is rarely mentioned in appellate decisions, "is reserved for particularly obstinate parties[.]" *Tessler* at 52, fn. 3. *See also Freeman v. Freeman*, 10th Dist. Franklin No. 07APF05-706, 1997 WL 781999, *2 (Dec. 16, 1997) (the purpose of Civ.R. 70 is to give the court power to deal with parties who refuse to obey specific-act orders).

*Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v. Montgomery Cnty. Voiture No. 34 La Societe Des 40 Hommes Et 8 Chevaux*, 2nd Dist. Montgomery No. 29064, 2021-Ohio-2429, 2021 WL 3012068, ¶ 20.

{¶54} The trial court's August 20, 2020 Judgment Entry was a final judgment, which the court was permitted to enforce. To that end, the trial court properly utilized Civ.R. 70 to effectuate its order that the Settlement and Release Agreement along with the ancillary documents set forth by RHDK with the non-substantive changes requested by Willowbrook reflected the documents contemplated by the trial court in its August 20, 2020 Judgment Entry.

{¶55} Willowbrook's fourth Assignment of Error is overruled.

**V. and VI.**

{¶56} In its fifth and sixth Assignments of Error, Willowbrook contends the trial court erred when it ordered the parties execute all documents on or before June 30, 2023 and if Willowbrook failed to execute all documents on or before June 30, 2023, RHDK was authorized to designate a person of its choosing to execute all such documents.

{¶57} The trial court issued the June 30, 2023 deadline pursuant to its authority under Civ.R. 70. Willowbrook contends the June 30, 2023 deadline conflicts with the language of the Settlement and Release Agreement. Based on the factual and procedural history of this case, we find no abuse of discretion for the trial court to utilize its authority to enforce the August 20, 2020 Judgment Entry and set a specific deadline for the resolution of this case.

{¶58} Civ.R. 70 states that if a judgment orders a party to perform a specific act and the party "fails to comply within the time specified, the court may, where necessary,

direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party." The trial court's June 14, 2023 judgment entry stated:

> Pursuant to Civ.R. 70, the Plaintiffs shall be authorized to designate an individual of their choosing to execute all necessary documents should the Defendants fail or refuse to sign such documents on or before June 30, 2023.

(Judgment Entry, June 14, 2023). In its order and pursuant to Civ.R. 70, the trial court prospectively appointed a person to complete the act if the disobedient party failed to comply. The court-appointed person was to be of RHDK's choosing to execute all necessary documents should Willowbrook fail or refuse to sign such documents on or before June 30, 2023.

{¶59} Willowbrook's fifth and sixth Assignments of Error are overruled.

## CONCLUSION

{¶60} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.